**Bruce BRAINARD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 27, 1977.

Jack Emory Farley, Public Defender, Com. of Kentucky, Frankfort, for appellant.

Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

Before MARTIN, C. J., and GANT and HAYES, JJ.

MARTIN, Chief Judge.

On October 25, 1974, Bruce Brainard left the basketball floor at Alumni Gym on the campus of the University of Kentucky in Lexington to get a drink of water. He did not return and was arrested on May 29, 1975, for escaping from confinement. On February 11, 1976, he was indicted for this by the Oldham Circuit Court grand jury and charged with violating KRS 432.390. On February 24, 1976, he was found guilty by a jury and given a sentence of three years.

The defendant who was twenty-two years old when tried in Oldham Circuit Court has not been a stranger to the criminal process. His confinement in October, 1974 had begun with a commitment to the Kentucky Department of Corrections on July 14, 1974. He had been found guilty of storehouse breaking in the Fayette Circuit Court and sentenced to the Kentucky State Reformatory at LaGrange, Kentucky. On October 21, 1974, he was delivered to the Off Broadway House, a drug rehabilitation center in Lexington. This transfer by the Kentucky Department of Corrections was under an order of the Fayette Circuit Court. He began the therapy but developed difficulty in adjusting to the living arrangements and four days later went AWOL.

While the indictment for the escape did not follow the statute verbatim, it was sufficiently detailed to advise Brainard of the charge he faced.

While showing great restraint, the trial judge at the trial allowed both the Commonwealth Attorney and defense counsel to develop each side of the case as they saw fit. A reading of the whole record allows only one conclusion to be drawn. Brainard received a fair trial. We affirm.

At the beginning of the trial, the defendant, his attorney, and the Commonwealth Attorney met with the Judge in his chambers. Brainard's defense was to be that he escaped because he was fearful of an assault by fellow prisoners. The incident, which created this fear, was a homosexual assault which took place in the Fayette County Jail two and a half years before the 1974 escape. Brainard's argument was he had reported the incident and those involved had been tried and convicted and they were "out to get me." He further stated that fellow inhabitants of the drug center were also out to punish him because he had revealed the homosexual incident during a therapy session.

The trial began and the Commonwealth substantially proved the offenses. Brainard testified in his own behalf. On cross-examination the Commonwealth elicited the fact that Brainard had walked away from a similar half-way house in Louisville sometime before the Lexington incident. The trial judge sustained the objection of defense counsel to this line of questioning. On this appeal Brainard contends, even though the objection was sustained, he did not receive a fair trial because of his affirmative response to the question by the Commonwealth Attorney, referring to the Louisville incident, "and you escaped from there and got caught?"

In all probability both the defense of the incident two and a half years earlier and the prior escape should have been excluded. However, in an abundance of caution the trial court allowed both sides wide

latitude in developing their case. Testimony relating to both matters was not so substantially damaging so as to result in a denial of due process.

As was pointed out in *Rake v. Commonwealth*, Ky., 450 S.W.2d 527 (1970), the prosecution is given wide latitude in ascertaining the motive that actuated the commission of the crime charged. The purpose of the question by the Commonwealth was to show an intent to escape even before Brainard's transfer to Lexington. Through the careful admonition of the trial court, no substantial error was committed.

The judgment of the circuit court is affirmed.

All concur.