**James RAKE, alias James Scott, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 13, 1970.

Hunter B. Whitesell, Fulton, for appellant.

John B. Breckinridge, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

The appellant, James Rake, twenty-eight years of age, was convicted of carrying concealed a deadly weapon, a .38-caliber revolver, in violation of KRS 435.230, and was given the maximum sentence. The issue on this appeal, ably presented by his court-appointed counsel, is the admission of testimony which tended to implicate Rake in another crime and the contention that its admission was so prejudicial it prevented him from having a fair trial.

Two police officers were alerted by a telephone call that Rake was armed and dangerous. Why they were so notified was not disclosed, but the officers proceeded to the house in Mayfield where Rake lived with Darwin Beecher, two unmarried women, and the young brother of one of the women. The officers were admitted to the house about eleven o'clock at night and waited until Rake's arrival about four A.M. when they covered him with their guns as he came in the door, ordered him to stand against and facing the wall

with his hands above his head, and removed a pistol which they testified Rake carried concealed under his shirt and which he had told them he was carrying. The officers and women testified the pistol was concealed, but Rake denied it, saying he was taking off his wet shirt when he came in the door and that the pistol, which was tucked in his trouser's waistband, was in plain view. When questioned about the pistol, Rake claimed that he had bought it from Darwin Beecher the day before, and had used it in target practice that day. The police ascertained that the pistol had been bought from a sporting goods store in Mayfield by, and had been stolen from the safe of, the Mayfield Planing Mill during a robbery the previous weekend.

 The appellant contends that the only issue on the trial was whether the pistol he carried was concealed at the time of his arrest, and that it was not necessary to identify the gun nor to admit testimony of its origin. In other words, the jury should be limited to hear Rake's denial that his gun was concealed, and the testimony of the two policemen and the women that it was concealed, and reach its verdict from that alone. As is stated in Section 1791 of the second edition of Roberson's New Kentucky Criminal Law and Procedure, page 1893, "Even evidence tending to prove a distinct offense, is therefore, admissible, if it shows facilities or motives for the commission of the one in question * * * Wide latitude", Roberson says, " * * * is allowed the prosecution in ascertaining the motive that actuated the commission of the crime". See also 22A C.J.S. Criminal Law § 687.

In the circumstances developed in the course of the trial we do not think the testimony about the robbery, when identifying the gun, was so prejudicial that it caused a miscarriage of justice. After all, the testimony of the officers and the women that the gun was concealed far outweighed Rake's assertion that it was not concealed. Furthermore, Beecher's

testimony that he had sold the stolen gun to Rake the day before was not helpful, for Beecher had lived in the house with Rake and was a convicted felon at the time he testified. The skein of evidence enwrapped Rake and established a motive for concealing the gun. The trial judge, without request, admonished the jury to consider this testimony only for the purpose of affecting the credibility of Rake. It is within the sound discretion of the trial judge to determine whether the probative value of evidence is outweighed by its possible prejudicial effect and to admit or exclude it accordingly. 22A C.J.S. Criminal Law § 683. We conclude that the testimony identifying the gun as a stolen gun was relevant to the motive to conceal, and that the trial judge exercised sound discretion in admitting it.

The judgment is affirmed.

All concur.