**Milford B. KEETON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 6, 1970.

Milford B. Keeton, La Grange, pro se.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

This is another chapter in a sordid story of a father having sexual relations with his two daughters, ages 14 and 16, in violation of KRS 436.060.

Appellant was convicted February 20, 1968, and given two 21-year sentences to run concurrently. He was represented by counsel of his own selection and employment.

On June 30, 1969, appellant filed motion to vacate the judgment of conviction (RCr 11.42). The circuit court appointed counsel for appellant and gave him a thorough and careful hearing. His trial counsel testified along with a number of other witnesses. After the hearing and on October 21, 1969, appellant's motion to vacate was overruled. This appeal followed.

Appellant's overall contention on this appeal is that he obtained ineffective assistance of counsel on his trial. He points out numerous instances to demonstrate "ineffective assistance" of his counsel. First he says his attorney failed to subpoena four witnesses to testify in his behalf. One of these witnesses was the appellant's son. Appellant's trial attorney testified that the son stated to him that his testimony would be unfavorable to appellant. For that reason he did not subpoena the son. The other

three witnesses not subpoenaed were another son and two first cousins. Appellant testified on the hearing of his motion to vacate that these three witnesses "couldn't have testified" that he "did not do this." Furthermore his trial counsel testified he talked with one of these witnesses and was told that all the witness could state was that appellant was a "good worker." The evidence did not justify a finding of "ineffective assistance of counsel." See Clements v. Commonwealth, Ky., 441 S.W.2d 158 (1969), and Cowens v. Wainwright, 5 Cir., 373 F.2d 34, cert. den. 387 U.S. 913, 87 S.Ct. 1705, 18 L.Ed.2d 637 (1967).

■ Next appellant says that the failure of his counsel to move for a directed verdict amounted to ineffective assistance. The testimony of the girls was positive and convincing. Clearly he was not entitled to a directed verdict. See Nickell v. Commonwealth, Ky., 451 S.W.2d 651 (1970). It is also argued that it was prejudicial to permit the daughters to testify that appellant had intercourse with them "on numerous occasions." This evidence was admissible to show a course of conduct. Brister v. Commonwealth, Ky., 439 S.W.2d 940 (1969).

It is argued that appellant asked his attorney to appeal his conviction. A sharp issue was made on this question. His trial counsel testified that an appeal was discussed but no decision was reached as to whether an appeal should be prosecuted, that the appellant's relatives advised his attorney they would let him know later whether to appeal, and that they never "let him know."

The next question argued is that he was not advised of his right of appeal. Well, he must have known of his right of appeal since the judgment recites that he was so advised and thereafter proceeded to talk to his counsel. We can see no merit in this argument.

■ Finally, having exhausted the usual "stock in trade" arguments, appellant says the two counts of the indictment should not have been tried together. No motion for separate trials was made. The two counts were properly joined. RCr 6.18; Marcum v. Commonwealth, Ky., 390 S.W.2d 884 (1965).

We close this chapter begrudging the time wasted on this frivolous pretense of error by affirming the judgment, with the full expectation that another chapter will be soon forthcoming. If we appear impatient with these post-conviction proceedings, we hope that impatience will be better appreciated by the knowledge that Federal habeas corpus petitions increased from 89 in 1940 to over 12,000 in 1970. State court post-conviction proceedings followed the same pattern. All this work leaves less time for this court to devote to recent convictions which have not had appellate review.