Betty Joann Jolly ESTES, Appellant,

v.

Albert Thurman ESTES, Appellee.

Court of Appeals of Kentucky.

March 12, 1971.

Glay E. Maggard, Wilson & Maggard, Munfordville, for appellant.

Jon Wm. Goodman, Munfordville, for appellee.

EDWARD P. HILL, Jr., Judge.

The original judgment of divorce awarded custody of the four children of the parties to the mother, the appellant herein. After some time, controversy arose and the appellee, the father, moved the court for custody of the two male children ages 7 and 10. His motion was sustained and judgment entered accordingly. The mother prosecutes this appeal. There is no controversy in regard to the custody of the two older children, both girls, ages 14 and 16, who remain in the custody of their mother. A number of questions are raised by this appeal, but since we are reversing the judgment for reasons to be shortly given, it will not be necessary to discuss them.

The question which we now consider relates to the hearing and proceedings before the chancellor on the father's motion for change of custody. The appellant says that after she testified and introduced her 16-year-old daughter as a witness and at the conclusion of the testimony of the daughter, the chancellor announced that he did not believe the testimony given by the daughter and directed the sheriff to remove the child from the chambers in which the hearing was being conducted. The chancellor made the following announcement immediately thereafter: "Let me close this case. * * * This case is dismissed. I am going to send these two boys to their father for the rest of the summer—temporary custody." However, when the order was entered giving custody of the two boys to the father, it was not for "the rest of the summer—temporary custody" as indicated by the chancellor at the close of the case, but was an unqualifed order awarding their custody to the father with no provision for visitation rights to the mother.

The witness testified that her father had had improper relations with her from the time she was 8 years old. There was no mention of this matter in the divorce proceedings, in the agreement of the parties relative to custody, or at any time or place until the appellee moved for change of custody of the two small boys. We can readily understand why the chancellor was not impressed by this evidence. But we are not impressed by the manner in which the chancellor closed the case.

We are mindful of the inherent power, indeed, the inherent duty of the chancellor to conduct a trial or hearing on equitable issues. This power, in a proper case, may include the right to limit the number of witnesses or the interrogation of a particular witness. In the instant case, however, the chancellor terminated the production of evidence by appellant after she presented one witness. Obviously from the remarks of the chancellor, he became impatient with the appellant's theory of the facts of the case and brought the hearing to an abrupt conclusion. He did not announce a limitation on the number of witnesses.

It is recognized that an order pertaining to the custody of children is not a final order but is subject to change at any time on motion of either party. We should also observe that from the evidence in this record, we cannot say that the order giving custody to the father amounted to an abuse of discretion. It appears to be in the best interest of the two children involved. Nevertheless, we cannot condone the act of the

chancellor in bringing the hearing to a close. Therefore we reverse the judgment with directions that the chancellor permit the appellant to offer any further relevant evidence she may desire to present in a reasonably expeditious manner. Of course, the presentation of further evidence may entitle the appellee to also present further evidence.

All concur.