William Edward BEASON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

March 11, 1977.

**836**

Terrence R. Fitzgerald, Deputy Public Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

William Edward Beason was tried and convicted of carrying a concealed deadly weapon, KRS 435.230,[1] and sentenced to two years' imprisonment.

Beason asserts that (1) he was entitled to a directed verdict, (2) the deadly weapon was not properly identified, and (3) there was error in the use of a prior conviction in the closing argument.

The arresting officer testified he observed Beason and another individual in an alleyway and asked for identification. After Beason appeared not to want to use his left arm or to face him, the officer asked Beason to raise his arms to be frisked. A gun fell from under the left side of Beason's jacket. Beason's companion fled the scene. Beason denied that he had the gun in his possession, concealed or otherwise, and stated that his companion threw it to the ground. His companion testified to the same effect.

■ We are of the opinion that the Commonwealth's evidence presented a jury question, and the trial court properly overruled the motion for directed verdict.

■ Beason's assertion of error in admitting the weapon into evidence is an argument that there was a gap in the chain of custody proven by the Commonwealth.

---

1. Offense committed in October 1974, prior to adoption of the Penal Code. The Carrying Concealed Weapon Statute is now KRS 527.-020.

The arresting officer testified that it was the same gun. We are of the opinion this was sufficient identification to authorize introduction of the gun into evidence. The cases cited by Beason are not applicable to the situation here in any respect.

This argument as to incomplete chain of custody in the instance of guns being introduced into evidence has been made on several occasions recently. The answer to this argument is found in McCormick, Evidence, § 212, at page 527 (1972):

"If the offered item possesses characteristics which are fairly unique and readily identifiable and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition. On the other hand, if the offered evidence is of such a nature as not to be readily identifiable, or to be susceptible to alteration by tampering or contamination, sound exercise of the trial court's discretion may require a substantially more elaborate foundation. A foundation of the latter sort will commonly entail testimonially tracing the 'chain of custody' of the item with sufficient completeness to render it improbable that the original item has either been exchanged with another or been contaminated or tampered with."

This same reasoning was used in *Smith v. Commonwealth,* Ky., 366 S.W.2d 902 (1962). The trial court properly admitted the gun into evidence.

We are convinced that Beason's assignment of error in the Commonwealth's closing argument is meritorious. Beason testified that he had a prior conviction for armed robbery. The trial court properly admonished the jury that Beason's prior conviction should be considered only as it might affect his credibility as a witness. During the course of the closing argument, the Commonwealth properly commented upon Beason's prior conviction as bearing on whether the jury should believe his version of the incident and then proceeded to make this additional argument:

"The punishment in this case can be as little as $50, or as much as $500, in fines, or penitentiary time. This isn't one of those fines you may have experienced where it's and/or. This is or.

"Now, when you're talking about a man, if you believe the Commonwealth has met its burden of proof and that this man here is properly charged and guilty, and you're talking about a man who, by his own admission, not only previously was convicted of a felony, but previously convicted of one involving force and violence, and a weapon, I submit for your consideration that anything less than the maximum—

"MR. CLAY: Your Honor, may I object to that. There's no proof that this prior conviction involves a weapon.

"MR. SCHROADER: May we approach the Bench, Your Honor?

(Whereupon, the following proceedings were had at the Bench, in whispered tones.)

"MR. SCHROADER: I believe you could argue that armed robbery requires the use of a weapon, or some instrument so used that it convinces the victim thereof that it is a deadly weapon.

"THE COURT: I understand the evidence to be that he admitted that he had been.

"MR. CLAY: Your Honor, I believe the argument of the prosecutor goes far beyond the bounds for this defendant.

"THE COURT: He is arguing now with respect to the degree of punishment if they find him guilty. He is making the argument that it is his view, as representative of the Commonwealth, that the evidence of this man's prior conviction of a felony involving the use of a firearm or deadly weapon is relevant and is a valid predicate for asking for the maximum sentence, and that's legitimate argument, Counsel.

"MR. CLAY: Yes, sir.

"THE COURT: I overrule the objection.

(End of proceedings at Bench.)

"MR. SCHROADER: So, now then, on the question of punishment of this man, by his own admission previously convicted of a crime involving the use of force and violence and a deadly weapon, I submit for your consideration that the only punishment that's fair to the people of the Commonwealth of Kentucky—all the people, is the maximum in this case, five years in the State penitentiary. How else will we ever break these people charged, convicted—

"MR. CLAY: Objection, Your Honor.

"THE COURT: Objection overruled.

"MR. SCHROADER: of carrying these deadly weapons around in such a manner that they can use them in the manner in which they demonstratively have used them?"

This prior felony conviction for armed robbery was admitted into evidence for a limited purpose. In accordance with the limiting admonition given by the trial court, the jury was permitted to consider the evidence of the prior felony conviction only for the purpose of affecting Beason's *credibility* as a witness. When the Commonwealth argued the evidence of the prior conviction as a vehicle to enhance punishment, it went far beyond the limited purpose of the evidence and by so doing unfairly prejudiced Beason's right to a fair trial. The Commonwealth was bound by the trial court's admonition and by going beyond the admonition to this extent committed reversible error. See *Graves v. Commonwealth,* Ky., 528 S.W.2d 665 (1975).

The offense here was committed prior to the adoption of the Penal Code and was tried in accordance with the statute then in effect. We note the provision of the Penal Code dealing with carrying a concealed weapon, KRS 527.020(4), which provides: "Carrying a concealed weapon is a Class A misdemeanor unless the defendant has been previously convicted of a felony in which a deadly weapon was possessed, used or displayed in which case it is a Class D felony."

Thus the statute provides that designated prior felony convictions enhance the penalty. Without expressing an opinion as to all the implications of the procedure, it is apparent that the enhancement type prior felony conviction in a carrying concealed weapon case will not be limited to consideration of credibility, and argument to enhance penalty on that account is recognized by the provisions of the statute.

The judgment is reversed with directions to grant a new trial.

All concur.