Leslie CAPPS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Dec. 9, 1977.

Jack E. Farley, Public Defender, Erwin W. Lewis, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

The appellant, Leslie Capps, was indicted by the Fayette County Grand Jury for the

offense of first-degree sodomy by engaging in deviate sexual intercourse with Billy Carol Cook, a female less than 12 years of age (KRS 510.070). He was tried and convicted on December 27, 1976, and his punishment fixed at 30 years' imprisonment. On this appeal appellant presents three issues.

First, the appellant contends that the court abused its discretion in permitting the prosecutrix, a 5½-year-old child, to testify. He argues that the witness was well coached by the Commonwealth, yet, upon cross-examination, was broken down.

The standard of competency of a child witness by which the discretion of the trial judge is to be guided is stated in *Moore v. Commonwealth,* Ky., 384 S.W.2d 498 (1964), as follows:

> "When the competency of an infant to testify is properly raised it is then the duty of the trial court to carefully examine the witness to ascertain whether she (or he) is sufficiently intelligent to observe, recollect and narrate the facts and has a moral sense of obligation to speak the truth."

We affirmed this standard in *Hendricks v. Commonwealth,* Ky., 550 S.W.2d 551 (1977).

An independent reading and evaluation of the transcript of testimony of Billy Carol Cook and Barbara Lawrence, who testified as to the competency of the prosecutrix, are necessary.

The trial judge permitted a voir dire of Billy Carol Cook and Barbara Lawrence out of the hearing of the jury in order to determine the competency of the prosecutrix to testify. First of all, Barbara Lawrence, who was a social worker with the Kentucky Department of Child Services, told the judge that she had known Billy Carol since September, 1976; that the family is on AFDC benefits; and that Billy Carol had no preschool educational training, but nevertheless was a very alert five-year-old child who related well with her mother, natural father and her siblings. The testimony of the prosecutrix demonstrated that she knew where her mother worked and where her father worked, and she knew the name of the Commonwealth's Attorney. She also demonstrated her ability to knowingly telling a lie and advised that when she tells a lie or is bad, or uses bad words, her mother and father whip her. She said that she lived in Winchester, Kentucky, with her mother and father. She counted to ten for the appellant's counsel and related her favorite TV programs, one of which is Bugs Bunny, who she thought was a real person who brings her candy at Eastertime. She also expressed displeasure with counsel for appellant; referred to him as a "nut"; and stated that if he didn't stop asking such silly questions she would kill him and he would be an angel after all his blood ran out. She avowed to tell the truth. The testimony of the prosecutrix clearly and unequivocally demonstrates her to be a sassy and uncontrolled child, who has been reared in an environment conducive to being feisty and precocious.

It was not the prerogative of the trial judge to weigh the effectiveness of the testimony; that was the jury's prerogative. Whether Billy Carol Cook, measured by the standard set out *Moore v. Commonwealth,* supra, was competent to testify is a question which addresses itself to the sound discretion of the court. The judge having found her competent to testify, the jury was entitled to weigh her testimony as it would the testimony of any other witness. *Swanigan v. Commonwealth,* 240 Ky. 504, 42 S.W.2d 726 (1931). The transcript of testimony fully supports the action of the trial court in permitting Billy Carol to testify.

Next, appellant alleges that the Commonwealth failed to lay the proper foundation to impeach the witness Andrew Lloyd Capps on the basis of a prior alleged inconsistent statement. Appellant's trial counsel made no objection to this line of interrogation; thus the trial court had no opportunity to rule on its competency. The appellant having failed to object to this line of questioning and having failed to afford the trial judge the opportunity to pass on its competency, the issue is not preserved for review. *Morris v. Commonwealth,* Ky., 459 S.W.2d 589 (1970).

Appellant further alleges that the Commonwealth's Attorney made improper and opinionated comments in his closing argument. The appellant failed to object to this alleged error at the trial and failed to move for a new trial. The alleged error is unpreserved for appellate review. *Hopper v. Commonwealth*, Ky., 516 S.W.2d 855 (1974); *McDonald v. Commonwealth*, Ky., 554 S.W.2d 84 (1977).

The judgment is affirmed.

All concur.