**Verna ROBINSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 14, 1978.

**184**

C. David Johnstone, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., J. Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, LESTER and VANCE, JJ.

VANCE, Judge:

The question is whether evidence of mental retardation of the defendant is admissible in a prosecution for reckless homicide under KRS 507.050.

The appellant, age 18, was convicted of reckless homicide and punishment was fixed by a jury at confinement for four years. The prosecution was based upon the allegation that appellant caused the death of her infant child by her failure to feed the child properly and by her failure to secure medical attention for the infant.

The baby boy weighed six pounds ten and one-half ounces at birth. He lived approximately three months and medical testimony established that he normally would have weighed between eight and nine pounds at that age. His actual weight at the time of death was five pounds, five ounces.

Medical witnesses established the cause of death as failure to thrive and malnutrition. An autopsy was performed and the stomach and intestines contained only small amounts of matter. The body was dehydrated. The doctors testified that with normal feeding the child should not have dehydrated and the stomach and intestines should have contained much more evidence of feeding.

The appellant testified that she fed the baby as he appeared to need or want food but not on any regular schedule. She said she failed to keep an appointment for a six-weeks checkup due to lack of transportation and claimed she later took the baby to a hospital but was not able to get anybody to examine the child because she did not have an appointment. Her defense was that she did not think the child was seriously ill and that she fed the child in what she considered to be a proper manner.

No question is raised on this appeal as to the sufficiency of the evidence to sustain the conviction. The appeal rests solely upon the allegation that the court erred in refusing to admit the testimony of a clinical psychologist, an associate professor of psychiatry and behavioral sciences at the University of Louisville, and also the testimony of a registered nurse. The testimony of the psychologist, preserved by avowal, was to the effect that he had administered psychological tests to the appellant; that she had no significant mental illness but that she functioned at a very low level of intellectual ability and ranked in the lowest 7% of the general population; that she was well within the mentally retarded area; and that there were no tests in which she achieved a normal rating.

This evidence was excluded because the trial judge ruled that it would only be admissible to show absence of criminal intent and the crime charged did not require any specific criminal intent.

KRS 507.050 provides that a person is guilty of reckless homicide when, with recklessness, he causes the death of another person. KRS 501.020(4) provides:

"Recklessly"—A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that failure to perceive it constitutes a gross deviation from the

standard of care that a reasonable person would observe in the situation.

■ The gravamen of the offense is the failure to perceive a substantial and unjustified risk when such failure is a gross deviation from the standard of care that a reasonable person would observe in the situation.

■ It is obvious that no specific intent that the act or omission cause injury is required. Nor is there any requirement to show a subjective realization on the part of the actor that his conduct creates a substantial risk.

The Commonwealth interprets the statute to mean that if appellant's failure to perceive the risk involved in her conduct amounted to a gross deviation from what a reasonable person would have perceived, then the offense has been established and it is not material as to whether her mental capacity was diminished to the point, where she could not perceive a risk which would be apparent to a normal person.

■ We do not read the statute so narrowly. The failure of a person to perceive a danger when he is mentally incapable of perceiving it cannot be the basis for criminal liability. We think the statute, in using the objective standard of the reasonable man, authorizes a conviction when a person fails to perceive a substantial danger in his conduct, but only if he should have perceived it under the circumstances which existed. If the argument of the Commonwealth were taken to its logical conclusion, total insanity would not be a defense in a case where the insane person failed to perceive a substantial risk and his failure amounts to a gross deviation from what a reasonable person would have perceived in the circumstances.

The clinical psychologist did not attempt to say that appellant's mentality was such that she could not perceive a danger. It is questionable whether such testimony would even have been proper, but his testimony as to the degree of mental retardation was sufficient to permit a jury to conclude, but would not require it to conclude, that appel-

lant was not mentally able to perceive the danger in her conduct. For that reason it was prejudicial error to exclude the testimony.

■ Appellant also complains of the rejection of the testimony of a registered nurse as to certain general statistical compilations concerning problems and stresses generally encountered by teenage mothers. We are not convinced that this general information, even if reliable, was shown to have any particular relevance. It was not shown that any of the general statistics had any specific relation to appellant and we conclude that the trial court correctly refused to admit the testimony.

■ We are not unaware of the provisions of KRS 504.050 relating to notice of a defense of mental illness or defect. Whether this statute is applicable to the circumstances of this case is a matter which we do not decide here. It was not raised or discussed in the briefs and consequently is not before us for decision.

The judgment is reversed with direction that appellant be granted a new trial.

All concur.