**Fred PENDLETON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Feb. 28, 1985.

Michael A. Wright, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Paul E. Reilender, Jr., Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict convicting Pendleton of first-degree rape and first-degree sodomy. He was sentenced to life in prison on each charge.

Although there are six claims of error, the most important issue involves the excluded testimony from a psychologist who had administered tests and offered expert opinion that Pendleton's psychological profile was not indicative of or consistent with that of a sex offender. The testimony was taken on avowal.

The other questions are whether it was proper to allow the child victim to testify, whether a continuance should have been granted for an absent defense witness, whether the testimony about instances of past sexual abuse from the victim's sister should have been admitted, whether references to collateral criminal activity should have been admitted, and whether the prosecution's closing argument was proper.

The principal witness was the 6-year-old victim. The child was staying with Pendleton at the time of the alleged incidents. Pendleton and his wife were separated. She described the assaults on her with the use of anatomically correct dolls. On cross-examination she denied ever telling anyone including two defense witnesses that the father had done anything to her. Towards the end of her cross-examination, she refused to listen to the questions and placed her fingers in her ears. The defense objected to her competency to testify because they believed she had no conception of the oath.

The victim's 14-year-old sister testified, over objection, that she had been sexually abused by her father over a period of 6 or 7 years, although there was no sexual intercourse. The older sister also testified to a nonsexual assault. The jury was admonished to disregard that testimony.

The defense attempted to introduce the testimony of a psychologist regarding tests conducted on Pendleton. The trial court refused to allow the psychologist to testify but permitted his testimony as an avowal. Pendleton testified in his own defense and denied all allegations charged.

The jury returned a verdict of guilty on both charges and gave Pendleton two life sentences. This appeal followed.

This Court affirms the judgment of the circuit court.

■ The trial judge correctly ruled that the 6-year-old victim was competent to testify. Whether a witness is competent is a question for the sound discretion of the trial court. Unless that discretion is abused, it will not be disturbed on appeal. *See Moore v. Commonwealth*, Ky., 384 S.W.2d 498 (1964); *Capps v. Commonwealth*, Ky., 560 S.W.2d 559 (1977). There was no abuse of discretion.

■ The trial judge did not commit reversible error when he denied the motion of Pendleton for a continuance. Pendleton maintains that the trial judge committed reversible error when he denied the defendant's motion for a continuance because of the absence of a potential witness. The affidavit submitted in this case does not meet the requirements of the rule which require the affidavit show the materiality of the evidence expected to be obtained and that due diligence has been used to obtain

the evidence. The facts which Pendleton would have used the missing witness to prove were presented to the jury through the victim's testimony. The defense theory was not hampered by the witness's absence. Under all the circumstances the denial of the continuance was nonprejudicial and the trial judge acted within his authority and did not abuse his discretion. RCr 9.24. A reviewing court will not disturb such a decision unless it is clearly demonstrated to be an abuse. *Davidson v. Commonwealth,* Ky., 555 S.W.2d 269 (1977).

The issue regarding evidence of past sexual misconduct by the accused with his daughter Janet who was a witness at the trial is not reversible error.

■ Evidence of independent sexual acts between the accused and persons other than the victim are admissible if such acts are similar to that charged and not too remote in time provided the acts are relevant to prove intent, motive or a common plan or pattern of activity. The acts performed on Janet were of a similar nature as those performed on April. Janet's testimony was admissible as showing a method of operation of sexual activity with his young daughters and to indicate a common and continuing pattern of conduct on the part of the accused.

Contrary to the language in *Russell v. Commonwealth,* Ky., 482 S.W.2d 584 (1972), no evidence is admissible to show "lustful inclination." This Court is uncertain as to what is meant by the broad and subjective phrase "lustful inclination." The better standard requires evidence to be the type that shows a common plan or pattern of activity as stated above.

Kentucky, like many other jurisdictions, has consistently followed the general rule that evidence of other criminal acts of the accused is inadmissible unless it comes within certain well-defined exceptions which must be strictly construed. *Jones v. Commonwealth,* Ky., 198 S.W.2d 969 (1947).

■ Evidence of other crime is admissible when the crime has a special relationship to the offense charged. Such evidence would show motive, identity, absence of mistake or accident, intent, or knowledge, or common scheme or plan. *See Lindsay v. Commonwealth,* Ky., 500 S.W.2d 786 (1973); *Leigh v. Commonwealth,* Ky., 481 S.W.2d 75 (1972); *Rake v. Commonwealth,* 450 S.W.2d 527 (1970), *Spencer v. Commonwealth,* Ky., 554 S.W.2d 355 (1977); *Wonn v. Commonwealth,* Ky.App., 606 S.W.2d 169 (1980).

■ Evidence of other crimes of sexual misconduct is also admissible for the purpose of showing motive, a common pattern, scheme or plan. *See Keeton v. Commonwealth,* Ky., 459 S.W.2d 612 (1970), *Spencer v. Commonwealth, supra; Jones v. Commonwealth, supra.*

■ So much of *Russell v. Commonwealth,* Ky., 482 S.W.2d 584 (1972), is overruled to the extent that it relates to the admission of evidence used to prove lustful inclination in the accused and that case is limited to the same standards that are provided for other crimes, that is, a pattern of activity, common plan or motive and scheme. *Rigsby v. Commonwealth,* Ky., 495 S.W.2d 795 (1973), is overruled to the same extent.

The testimony of the witness was admissible, not to show lustful inclination, but to show motive, common pattern scheme or plan, or common modus operandi. *Young v. Commonwealth,* Ky., 335 S.W.2d 949 (1960).

■ Pendleton was not denied due process of law or his right to a fair trial by the evidence of prior acts of assault. The unsolicited testimony of prosecution witnesses regarding prior conduct did not constitute grounds for reversal. The jury was promptly and properly admonished not to consider the testimony.

■ The statement made by Janet concerning a bomb threat was not directly related to the appellant. In any event, the trial judge properly admonished the jury not to consider it. No prejudice to Pendle-

ton resulted from the statements and, if there was any problem, it was cured by the trial judge's admonition to the jury. *See Ware v. Commonwealth*, Ky., 537 S.W.2d 174 (1976); *Seay v. Commonwealth*, Ky., 609 S.W.2d 128 (1980).

■ The isolated remarks made by the prosecutor in closing argument were not reversible error. When the entire closing argument is considered in context, the remarks complained of do not amount to reversible error. *Elswick v. Commonwealth*, Ky.App., 574 S.W.2d 916 (1978). When considering the case as a whole, there is no error so prejudicial that there is any substantial possibility that the result could have been any different. *Blake v. Commonwealth*, Ky., 646 S.W.2d 718 (1983).

■ The trial court correctly refused Pendleton's attempt to introduce the testimony of psychologist Kroger. Kroger's testimony, as given on avowal, should not have been admitted because it went to the ultimate issue of innocence or guilt. The testimony was to the effect that Pendleton's psychological profile was not consistent with that of a sex offender. In addition there was a desire to present Kroger's testimony as to the probability that Pendleton had committed the act.

■ An opinion as to whether the accused had the ability or propensity to commit such an act is improper because it is an opinion on the ultimate fact, that is, innocence or guilt. Consequently it invades the proper province of the jury. Such an opinion is not evidence of mental condition but is a factual conclusion of the witness on the ultimate issue before the jury which can be reached only by consideration of all the facts. *Koester v. Commonwealth*, Ky., 449 S.W.2d 213 (1969). *Also see, Hampton v. Commonwealth*, Ky., 666 S.W.2d 737 (1984), as dispositive of this question because the testimony as proffered went to the ultimate question of innocence or guilt rather than being limited to the professional opinion regarding mental condition.

The psychologist's testimony was not limited to a professional opinion or mental condition. *Robinson v. Commonwealth*, Ky.App., 569 S.W.2d 183 (1978), is distinguishable because it specifically notes that the clinical psychologist did not attempt to say that appellant's mentality was such that she could not perceive a danger. The Court goes on to point out that such testimony would probably be improper. *Id.* at p. 185.

*Buckler v. Commonwealth*, Ky., 541 S.W.2d 935 (1976), is in no way relevant to the case at bar because it is a case where the defense of insanity is specifically pled. Although the issue is not before us, the case would have been an entirely different animal had the defense of insanity been relied on and the proper statutory notices been given in regard to the psychologist's testimony.

The admissibility of expert or opinion testimony has been treated in various ways by other states. We are persuaded that recent decisions by Ohio and Texas reflect our view.

In a case remarkably similar to ours, the Texas Court of Appeals in *Williams v. State*, Tex.App., 649 S.W.2d 693 (1983), refused to allow the testimony of a clinical psychologist where the appellant characterized the witness's testimony as evidence of appellant's character traits, where in fact, the evidence also purported to tell the jury that appellant probably did not have the state of mind required to commit the crimes with which he was charged. Id. at 696. The Texas court determined that a trial court can refuse to admit testimony of a clinical psychologist who was of the opinion that the accused did not possess character disorders and traits usually found in child molesters. *Williams v. State, supra.*

The Ohio Supreme Court has determined that in a prosecution for aggravated murder and aggravated burglary, it was not error to refuse psychiatric testimony, unrelated to an insanity defense, to show that the defendant lacked the mental capacity to form a specific mental state required for crime where the state did not recognize the

partial defense of diminished capacity. *State v. Wilcox*, 70 Oh.St.2d, 24 Oh.Ops.3d 284, 436 N.E.2d 523 (1982).

The accused did not rely on insanity as a defense. It must be noted that the defendant did not file notice of insanity defense before trial. KRS 504.070 requires that if expert opinion evidence on mental condition is to be admitted, such a notice must be filed.

If the psychological testimony was to be used as a rebuttal to the testimony of Janet as to previous sexual conduct, the trial judge was within his sound discretion in denying its use. Janet's testimony related to conduct and factual situations. The testimony of the psychologist was purely opinion based on tests, examinations and evaluations.

Here the basis for attempting to introduce the expert opinion as to mental condition and capacity was to show its relationship to the probability of the accused having committed the charged offenses.

 The trial court has discretion to control the presentation of evidence. In the absence of any abuse, the reviewing court will not reverse the decision of the trial judge. *Estes v. Estes*, Ky., 464 S.W.2d 813 (1971). There is no abuse of discretion here.

The judgment of the circuit court is affirmed.

STEPHENS, C.J., and STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON and AKER, JJ., dissent by separate opinions.

GANT, J., joins in AKER's dissent.

LEIBSON, Justice, dissenting.

Respectfully, I dissent. There are a number of points in the opinion as written where I disagree.

Appellant moved to prohibit evidence from Janet Pendleton, another daughter, charging her father with having committed prior acts of sexual abuse against Janet, offenses not charged in the indictment. The testimony was admitted. The testimony was of prior instances, years earlier, involving different sexual contact, "messing" around but not intercourse or sodomy.

*Warner v. Commonwealth*, Ky., 621 S.W.2d 22 (1981) was reversed because the trial court erroneously admitted evidence similar in character. In *Warner*, a deputy jailer was convicted of three counts of rape and one count of sodomy committed against inmates under his supervision. The trial court had permitted cross-examination of the defendant regarding "sexual advances" to other inmates, which, after denial, was followed by rebuttal evidence offered to prove such conduct. The court held that such evidence is not admissible except in "special cases" where there is proof of "prior acts of a *similar* or *identical* nature, not too remote in time." (Emphasis original) 621 S.W.2d at 25. The evidence in the present case does *not* qualify for the exception to the rule. This case should be reversed.

The majority opinion holds that this testimony from daughter Janet charging prior instances of sexual misconduct was *not* admissible to prove "lustful inclination" in the accused, overruling *Russell v. Commonwealth*, Ky., 482 S.W.2d 584 (1972) to the extent that *Russell* approved use of such evidence to prove "lustful inclination." But the majority opinion in the present case then holds that such evidence could be admitted "to prove intent, motive or a common plan or pattern of activity." There is no distinction between these two phrases as they apply in the present situation. The *only* issue in this case was did the appellant commit the criminal acts against daughter April charged in the indictment? The *only* reason the past sexual misconduct daughter Janet testified to would have any relevance to the issue in the case would be if it served to show the accused's "lustful inclination" to commit such acts.[1] Lustful inclination, propensity

1. The Commonwealth's Brief "submits that Janet's testimony regarding uncharged prior sexual

to commit the crime charged, and "intent, motive or a common plan or pattern of activity" (which is the current phraseology of the majority opinion), are all of one meaning here. We should not create a formula to do what we say cannot be done.

Appellant was denied the right to present testimony from a qualified psychologist, which was offered as "expert testimony of mental condition ... as affecting the probability of the [appellant] having committed the charged offenses." The psychologist's testimony was offered to prove that the appellant "does not have a psychological profile that [is] indicative of or consistent with a sex offender." This testimony *refutes* the testimony from daughter Janet, which, if it had any relevancy, served only to indicate a propensity to commit the acts against daughter April with which the appellant is charged. Appellant had a constitutional right to refute this testimony against him. U.S. Const., Amend. VI; Ky. Const., § 11.

The majority opinion erroneously miscites *Koester v. Commonwealth*, Ky., 449 S.W.2d 213 (1969) and *Hampton v. Commonwealth*, Ky., 666 S.W.2d 737 (1984) as support for denying the admissibility of the psychologist's expert testimony. The rule underlying the holding in these two cases is exactly the opposite. In *Koester*, a psychiatrist was asked for his *subjective* "opinion concerning the guilt or innocence of the accused," the "very issue it was within the province of the jury to resolve." *Koester*, *supra* at 215. We excluded such evidence on the basis of "the difference between an objective opinion and a subjective conclusion," stating "it is the difference between the mental abnormality and the specific 'product' produced thereby." *Id.*

In the present case counsel for appellant offered testimony directed at the accused's mental condition, not the psychologist's subjective conclusion as to guilt of the particular offense.

In *Hampton v. Commonwealth, supra* 666 S.W.2d at 742, we excluded an offer of testimony from a witness designated a "clinical social worker," that in his opinion the appellant "would not have become involved with a twelve year old victim." We avoided coming to grips with the underlying question as to whether relevant evidence of psychological propensity should be admitted, citing two reasons: (1) the absence of any "offer of proof by avowal that the witness was an expert"; and (2) "[t]he testimony as proffered went to the ultimate question of the guilt or innocence of the appellant, rather than being limited to a professional opinion regarding mental condition." *Id.*

In the present case we are faced squarely with testimony from a qualified expert that is limited to a professional opinion regarding mental condition. We have heretofore recognized evidence similar in nature as admissible in *Buckler v. Commonwealth*, Ky., 541 S.W.2d 935 (1976), and the Court of Appeals has also done so in *Robinson v. Commonwealth*, Ky.App., 569 S.W.2d 183 (1978). The majority opinion is in conflict with precedent, is outside the mainstream of American law, and, most importantly, in the context of this case where it refuted the opposite inference resulting from the testimony of sister Janet Pendleton, refusing such testimony denied appellant's constitutional right to confront the evidence against him.

By approving both the use of the testimony from sister Janet and exclusion of the psychologist's testimony which tends to refute it, we provide the prosecutor a license to introduce testimony which cannot be rebutted.

There are two other errors which, standing alone, would not necessarily require reversal. But these errors, when considered cumulative of the errors previously discussed, are of an overwhelming nature. First, the jury heard testimony of a highly inflammatory, prejudicial and irrelevant na-

offense (sic.) committed upon her by appellant were properly allowed into evidence as proof of a *lustful sexual disposition toward children* and

a continuing pattern of conduct." (Emphasis added)

ture, of unrelated collateral criminal activity supposedly committed by the appellant. This involved acts of a violent and reprehensible nature supposedly committed by the appellant. In the circumstances of this case the trial court's admonitions to disregard such testimony were not sufficient to cure the error.

Likewise, with regard to closing argument, the prosecutor was permitted to argue, improperly and over objection, that "the jury punish Fred Pendleton for what he's done to the lives of his daughters." The argument urging the jury to punish for offenses not charged in the indictment was highly improper. *Beason v. Commonwealth*, Ky., 548 S.W.2d 835 (1977); *Brown v. Commonwealth*, Ky., 357 S.W.2d 681 (1962). The appellant received two life sentences. It cannot be said beyond a reasonable doubt that the improper argument did not contribute to the verdict obtained.

This case should be reversed, and a new trial ordered.

AKER Justice, dissenting.

I concur in the dissent filed by Leibson, J., herein, insofar as it would reverse on the *Warner* issue concerning testimony of sexual activities by Appellant toward Janet. Otherwise I would affirm.

I am authorized to state that GANT, J., joins me in this concurrence to the dissent.