The STATE of Ohio, Appellee,

v.

COVINGTON, Appellant.

[Cite as *State v. Covington* (1995), 107 Ohio App.3d 203.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940810.

Decided Nov. 1, 1995.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *L. Susan Laker,* Assistant Prosecuting Attorney, for appellee.

*Lurie & Davidson* and *Jeffrey K. Lurie,* for appellant.

*Per Curiam.*

In this appeal, the defendant-appellant, Johnny Covington, seeks to overturn his conviction and sentence after a plea of no contest to the charge of having a weapon under a disability. The charge bore a specification of a previous conviction for an offense of violence. In a single assignment of error, Covington argues that the trial court erred by denying his motion to dismiss based upon his argument that his previous conviction in Kentucky for the offense of reckless homicide was not, as a matter of law, an offense of violence. We agree and thus reverse his conviction.[1]

## I

Covington was charged with a violation of R.C. 2923.13, which reads:

"(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

"* * *

---

1. We have *sua sponte* removed this case from the accelerated calendar.

"(2) Such person is under indictment for or has been convicted of any felony of violence * * *."

R.C. 2901.01(I)(1) lists those sections of the Ohio Revised Code the violation of which constitutes an "offense of violence." Since Covington's previous conviction was for a violation of the criminal law of Kentucky, not Ohio, resort to this section does not resolve the issue. However, subsections (2) and (3) of R.C. 2901.01(I) provide two alternative definitions of an "offense of violence." Under subsection (2), an "offense of violence" is any violation of the criminal law of another state "substantially equivalent" to any of the Ohio offenses listed in subsection (1). Finally, under subsection (3), a violation of the criminal law of another state can be an "offense of violence," notwithstanding the lack of an analog under Ohio law, if it was committed purposely or knowingly and involved either physical harm to persons or risk of serious physical harm to persons.

The issue framed by this appeal, therefore, is whether the offense of reckless homicide under Kentucky law, K.R.S. 507.050, is substantially equivalent to any of the code sections listed in R.C. 2901.01(I)(1) or, if not, whether it is an offense committed purposely or knowingly that involves physical harm or the risk of serious physical harm to persons. An affirmative answer to either of these inquiries confers upon reckless homicide the status of an "offense of violence."

## II

■ A person is guilty of reckless homicide under K.R.S. 507.050 if he or she recklessly causes the death of another person. There is no requirement that the perpetrator act knowingly or intentionally; rather, the crux of the offense is the actor's failure to perceive a substantial and unjustified risk so that his conduct constitutes such a gross deviation from the standard of reasonable care that he is criminally liable. See *Robinson v. Commonwealth* (Ky.App.1978), 569 S.W.2d 183.

Covington argues that the absence of a scienter requirement makes the Kentucky offense of reckless homicide unlike any of the Ohio offenses of violence enumerated in R.C. 2901.01(I)(1), and more closely akin to the Ohio crime of negligent homicide, a violation of R.C. 2903.05. A person is guilty of negligent homicide in Ohio if he or she negligently causes the death of another by means of a deadly weapon or dangerous ordnance. R.C. 2901.01(I)(1) does not designate negligent homicide as an offense of violence. Consequently, Covington argues, reckless homicide, its Kentucky counterpart, cannot be held to be an offense of violence under R.C. 2901.01(I)(2).

The state argues, conversely, that the Kentucky reckless homicide statute is substantially equivalent to two of the offenses specifically listed among those

designated in R.C. 2901.01(I)(1) as an offense of violence: involuntary manslaughter, R.C. 2903.04, and assault, R.C. 2903.13. In order to commit involuntary manslaughter in Ohio, one must cause the death of another as the proximate result of the offender's committing or attempting to commit a felony or misdemeanor. One type of assault in Ohio is committed when a person "recklessly causes serious physical harm to another." R.C. 2903.13(B).

According to the state's argument, the Kentucky crime of reckless homicide, if committed in Ohio, would necessarily result in the charge of involuntary manslaughter since the reckless causing of another's death is the same as the reckless infliction of serious physical harm, *i.e.,* an assault under R.C. 2903.13(B), which, because it proximately caused the victim's death, also constitutes the more serious crime of involuntary manslaughter.

The central flaw in the state's argument is that the term "reckless" in the Kentucky statute is not synonymous with the term "reckless" under Ohio criminal law. As we have noted, Kentucky courts have interpreted "reckless" in the context of K.R.S. 507.050 to mean a failure to perceive a substantial and unjustified risk. This definition of "reckless" is very similar to the Ohio definition of criminal *negligence* contained in R.C. 2901.22(D). That section provides:

"A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist."

As can be seen, it is a failure to perceive an unjustified risk that renders one's conduct reckless in Kentucky and negligent in Ohio. In contrast, in order to be guilty of criminal recklessness in Ohio, there must be more than just a failure to perceive the dangerous folly of one's conduct; rather, one must recognize the risk of that folly and proceed with indifference to the outcome. As stated in R.C. 2901.22(C):

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."[2]

---

2. Significantly, Kentucky does have a type of homicide which would be reckless homicide using the Ohio definition of criminal recklessness: manslaughter in the second degree, which is outlined in K.R.S. 507.040(1) as follows:

"A person is guilty of manslaughter in the second degree when, including, but not limited to, the operation of a motor vehicle, he wantonly causes the death of another person."

It is not correct, therefore, under Ohio's more stringent definition of criminal recklessness, to state that a person guilty of reckless conduct under the criminal law of Kentucky necessarily acts recklessly under Ohio criminal law. This being so, it follows that it is also incorrect to state that a person who commits reckless homicide under Kentucky law would necessarily commit an assault in Ohio under R.C. 2903.13(B), *i.e.*, engage in the reckless infliction of serious physical harm.[3]

We cannot, therefore, accept the state's proposition that reckless homicide in Kentucky *is always* an assault under 2903.13(B) and thus *is always* involuntary manslaughter under R.C. 2903.04. We agree with Covington that the Kentucky crime of reckless homicide is, from a definitional standpoint, more directly analogous to the Ohio crime of negligent homicide, R.C. 2903.05, since neither reckless homicide under Kentucky law nor negligent homicide under Ohio law requires a predicate criminal offense, and both are bottomed upon essentially the same mental state: a failure to perceive a substantial and unjustifiable risk as opposed to a perverse, heedless indifference to a known risk. The primary difference between the two offenses is that reckless homicide in Kentucky is not limited to reckless conduct involving a deadly weapon or dangerous ordnance.[4]

### III

Having agreed with Covington that the closest analog in Ohio law to the Kentucky crime of reckless homicide is negligent homicide, we must still, however, address whether reckless homicide is nonetheless substantially equivalent to any of the crimes listed as an offense of violence in R.C. 2901.01(I)(1). The Kentucky crime of reckless homicide is substantially broader than its Ohio counterpart of negligent homicide in that it punishes reckless conduct irrespective of whether it involved a deadly weapon or dangerous ordnance. Moreover, depending on the facts, conduct which resulted in a charge of reckless homicide in Kentucky might justify a charge of voluntary manslaughter in Ohio if it arose out of the commission or attempt to commit a felony or misdemeanor.

---

The element of wantonness under K.R.S. 507.040(1) is demonstrated by conduct which manifests an extreme indifference to human life, as, for example, a person firing a pistol into an occupied car. See *Nichols v. Commonwealth* (Ky.1983), 657 S.W.2d 932; *Barbour v. Commonwealth* (Ky.1992), 824 S.W.2d 861.

3. As is discussed further below, there is a form of negligent assault in Ohio, R.C. 2903.14, which is committed by negligently causing physical harm to another with a deadly weapon or dangerous ordnance. This crime, however, is not among those listed as an offense of violence. under R.C. 2901.01(I)(1), and therefore it does not aid the state's argument.

4. It should be noted that the state also argues that the Kentucky crime of reckless homicide and the Ohio crime of involuntary manslaughter should be considered substantially equivalent because both "prohibit acts which result in death." Suffice it to say that we find this analysis too simplistic.

While both the state and Covington have interpreted the statutory phrase "substantially equivalent" as a call to find the closest analog, this approach begs the question of what points of similarity must exist before it can be said that one statute is substantially equivalent to another.[5] In *State v. Webster* (Feb. 9, 1983), Butler County App. No. 82–02–0019, unreported, 1983 WL 4286, the Twelfth District Court of Appeals considered the issue of whether the former Kentucky involuntary manslaughter statute, K.R.S. 435.22(1), was substantially equivalent to any of the Ohio crimes listed as an offense of violence under R.C. 2901.01(I)(1). The Kentucky statute forbade causing "the death of a human being by an act creating extreme risk of death or great bodily injury as to manifest a wanton indifference to the value of human life according to the standard of a reasonable man." The state in *Webster* contended that this statute was substantially comparable to Ohio's involuntary manslaughter statute, notwithstanding that the Ohio statute, as we have noted, requires a predicate criminal offense. The Twelfth District Court of Appeals chose not to dwell so much on the component parts of the two statutes as to focus on the mental state of the actor. In determining the Kentucky crime to be an offense of violence, the court held: "When one purposely commits a wrong, completely disregarding the rights of others, with conscious knowledge of the probable consequences, yet shows a complete disregard of these consequences, that conduct is sufficient to constitute an act of violence as defined in R.C. 2901.01(I)(2)."

Thus, for the court in *Webster*, the issue of whether a foreign offense was an offense of violence under Ohio law was not a matter of finding its closest analog in the Ohio criminal code but, rather, a determination of whether the culpable mental state rendered the actor's conduct an act of violence and therefore equivalent to the crimes listed in R.C. 2901.01(I)(1). Relying upon language in *Lambert v. Commonwealth* (Ky.App.1964), 377 S.W.2d 76, 79, that "a wanton act is a wrongful act done on purpose and in complete disregard of the rights of others," the *Webster* court determined that a person acting wantonly under Kentucky law is acting with sufficient volition to be said to be acting with a violent purpose and thus committing an offense of violence under Ohio law.

We think the meaning of "substantially equivalent" lies not only within the reasoning of *Webster* but also upon consideration of what the legislature has purposely omitted from R.C. 2901.01(I)(1) and expressly stated in R.C.

---

5. We note that the phrase "substantially equivalent" appears in a separate context in R.C. 2929.11, which sets forth the penalties for the commission of felonies. The use of the term in R.C. 2929.11 is not necessarily instructive in the context of this case, however, because in R.C. 2929.11 the term is used with greater specificity to refer to degrees of felony and murder as opposed to a broad spectrum of crimes falling under the general category of offenses of violence. Moreover, the term "substantially equivalent" is used in R.C. 2929.11 to describe a sentencing consideration as opposed to an element of a crime.

2901.01(I)(3). Significantly, negligent homicide, R.C. 2003.05, and negligent assault, R.C. 2903.14,[6] are both conspicuously left out of the list of crimes designated offenses of violence under R.C. 2901.01(I)(1), though their counterparts based upon more purposeful conduct are included. This suggests strongly that the legislature does not consider a crime committed negligently to be an offense of violence.[7] This conclusion is consistent with *Webster*.

Furthermore, R.C. 2901.01(I)(3) must be viewed in the context of subsections (1) and (2) as the legislature's attempt to articulate what constitutes an offense of violence without resort to examples and analogs. Subsection (3), as noted, includes within the definition of an "offense of violence" an "offense * * * committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons."

R.C. 2901.22(A) details the circumstances under which a person is considered to have acted purposely. That section provides:

"A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

R.C. 2901.22(B) details the circumstances under which a person is considered to have acted knowingly. That section provides:

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of the circumstances when he is aware that such circumstances probably exist."

Based upon these definitions, we conclude that a person acting recklessly under Kentucky law, which is to say negligently under Ohio law, cannot be said to have acted purposely and knowingly. This being so, we are convinced that Covington's conviction under Kentucky law for reckless homicide, because it was not reckless conduct under Ohio law, lacks the degree of perverse disregard or extreme indifference to the value of human life or health which is necessary to

---

6. See fn. 3, *supra*.

7. While the overwhelming majority of offenses listed in R.C. 2901.01(I)(1) have an express scienter requirement, R.C. 2907.02(A)(1)(b) and R.C. 2907.12(A)(1)(b), involving rape and felonious sexual penetration of a person less than thirteen years of age, do not. Sexual crimes against the young, however, have historically been punishable with lesser regard for the mental state of the actor. While the state argues that involuntary manslaughter "involves no culpable mental state," this ignores the fact that the offense requires a predicate criminal offense.

210

constitute an offense of violence under either subsection (2) or (3) of R.C. 2901.01(I).

Accordingly, we hold that the trial court erred in failing to grant Covington's motion to dismiss since the indictment failed to set forth an indictable offense. Covington's conviction is, therefore, vacated and he is discharged forthwith.

*Judgment reversed.*

PAINTER, P.J., and SUNDERMANN and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First District Court of Appeals, sitting by assignment.