RENDERED: AUGUST 1, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0258-MR

EBONY L. HOLT                                        APPELLANT

v.
> APPEAL FROM JEFFERSON CIRCUIT COURT
> HONORABLE MITCH PERRY, JUDGE
> ACTION NO. 22-CR-001723

COMMONWEALTH OF KENTUCKY                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: KAREM, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: This is an appeal from a criminal conviction and sentence. Appellant is Ebony L. Holt. On August 31, 2022, a Jefferson County Grand Jury indicted Holt on one count of first-degree criminal abuse against her niece, J.H. After a four-day trial, a Jefferson County jury found Holt guilty and recommended a sentence of five years' imprisonment. The Jefferson Circuit Court sentenced her in accordance with the jury's recommendation. She appeals to this Court as a matter of right and raises two issues: 1) the circuit court erred by not striking a

potential juror for cause, thus necessitating the use of a peremptory strike; and 2) the circuit court erred by concluding that J.H. was competent to testify. For the following reasons, we AFFIRM.

## STANDARD OF REVIEW

A "determination as to whether to exclude a juror for cause lies within the sound discretion of the trial court, and unless the action of the trial court is an abuse of discretion or is clearly erroneous, an appellate court will not reverse the trial court's determination." *Pendleton v. Commonwealth*, 83 S.W.3d 522, 527 (Ky. 2002). Similarly, "[w]hether a witness is competent [to testify] is a question for the sound discretion of the trial court. Unless that discretion is abused, it will not be disturbed on appeal." *Pendleton v. Commonwealth*, 685 S.W.2d 549, 551 (Ky. 1985). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). With these standards in mind, we now return to the facts and law at issue in the present case.

## ANALYSIS

Holt and J.H.'s mother, Mikayla, were half-sisters. Holt had a son, X.H., who was around J.H.'s age. J.H. would regularly stay with Holt several days a week and sometimes on the weekend. On May 27, 2022, Mikayla dropped J.H.

-2-

off with Holt for a weekend visit. Monday, May 30, 2022, was Memorial Day. On that Memorial Day, and while J.H. was in Holt's care, Holt discovered a bag of marijuana was missing from where she placed it on a table in her living room. Holt blamed the children. When she confronted them about the contraband's whereabouts, the children either denied or deflected. Holt beat both children with a belt as a result. J.H. eventually admitted that the marijuana was in X.H.'s room.

When Mikayla picked J.H. up the next day, her daughter's back, legs, and buttocks were covered in welts, handprints, scrapes, and red and purple bruises. After speaking with the police, Mikayla took J.H. to the hospital and then to the Child Advocacy Center (CAC) to be interviewed. J.H.'s medical records were evaluated by Dr. Melissa Curry, who is a pediatrician specializing in child abuse. She examined photos of J.H.'s injuries taken at the hospital and testified at trial that J.H. suffered from multiple bruises on her lower back, thighs, and buttocks, as well as other injuries. Dr. Curry further testified that these injuries were intentionally inflicted and that they were consistent with J.H. being struck with a belt—including the belt buckle—between fifteen and twenty times. Mikayla, J.H., and Holt also testified. Notably, Mikayla testified that during a phone call with Holt, Holt stated that she "blacked out and . . . started whipping [J.H.]." We now address her arguments on appeal.

**I. The trial judge did not abuse its discretion in denying Holt's motion to strike Juror 3066603 for cause**.

At the conclusion of *voir dire*, defense counsel made a motion to strike Juror 3066603 for cause, arguing that she was disqualified having stated, in part, that she couldn't fathom a parent could hurt a child. The Commonwealth responded that the potential juror had not made a disqualifying statement. The trial judge agreed and denied the motion to strike for cause. Defense counsel then utilized a peremptory strike to remove Juror 3066603 from the *venire*. This issue is properly preserved. *Gabbard v. Commonwealth*, 297 S.W.3d 844, 854 (Ky. 2009) ("[I]n order to complain on appeal that he was denied a peremptory challenge by a trial judge's erroneous failure to grant a for-cause strike, the defendant must identify on his strike sheet any additional jurors he would have struck.").

The issue here arose from a specific line of questioning wherein defense counsel asked the *venire* panel members whether they could be fair and impartial in a child abuse case, thus considering factors other than the child's injuries when assessing guilt. Juror 3066603 responded:

> I just feel like I'm a little—I have a different perspective. In 2015 I had a three-year-old who passed away in her sleep, cause, we still have no idea what happened to her. She had multiple autopsies and genetic testing, and we still don't know why. So, for that fact that I've had to bury my child and for me to even fathom that a mother could hurt her child, willingly? It makes me sick to my

-4-

stomach, knowing how much grief and how I would do anything to have my child back. So, I don't understand people who could hurt a little innocent child and if that's the only thing that was presented to me was this person did this to this child, and it's proven that they did that and there's no way to mitigate that, I don't know if I could have any other biases. VR 11/6/23 at 3:40:18-3:41:10.

In support, Holt argues that Juror 3066603 responded similarly to Juror 2984602, who was excused for cause. However, we agree with the Commonwealth that Juror 2984602 clearly indicated that she could not be impartial. In contrast, we cannot conclude that the trial court abused its discretion in denying defense counsel's motion to strike for cause. The following dialog cited in Holt's brief is particularly instructive:

> <u>Defense</u>: And the last one your honor with that line of questioning, number 13, 6603. This is the one where she talked about her three-year-old passing away. Um . . .
>
> <u>Judge</u>: I couldn't hear her. She seemed to be saying there's two sides to the story. What was she actually saying?
>
> <u>Defense</u>: She did discuss two sides of the story, but then I did ask the last question while, while she can't fathom her child, or a child, and obviously she doesn't know the facts of the case. And I asked her if she could be fair . . .
>
> <u>Judge</u>: What do you think Commonwealth?
>
> <u>Prosecutor</u>: Your honor, I don't think she gave a disqualifying statement. I mean I think it's clear that this is a tough case, it's child abuse. I think he was trying to get her to be disqualified. But she says, it's tough, but I don't think that's enough.

> Judge: That's what I heard as well. I'm going to respectfully deny that one. We want people that can weigh it one way or the other before they know whats, what happened. [VR 11/6/23] at 4:01:05-4:01:54.

Therefore, having considered the relevant portion of the record, and the law, we cannot conclude that the trial court abused its discretion here. We now turn to Holt's second and final claim of error.

## II. The trial judge did not abuse its discretion in permitting J.H. to testify.

Holt's second and final claim of error involves the competency of the victim, J.H, to testify. On the second day of trial, defense counsel made a motion for a competency determination. The basis for this motion concerned the child's age and comments she made during a forensic interview. "Though informally referred to as a hearing, what the judge must do in deciding a witness's competency is better termed deciding a 'preliminary question,' which is controlled by KRE[1] 104(a)." *Swan v. Commonwealth*, 384 S.W.3d 77, 96-97 (Ky. 2012). Ultimately, the court must consider KRE 601, which provides:

> (a) General. Every person is competent to be a witness except as otherwise provided in these rules or by statute.

> (b) Minimal qualifications. A person is disqualified to testify as a witness if the trial court determines that he:

> > (1) Lacked the capacity to perceive accurately the matters about which he proposes to testify;

---

[1] Kentucky Rules of Evidence.

(2) Lacks the capacity to recollect facts;

(3) Lacks the capacity to express himself so as to be understood, either directly or through an interpreter; or

(4) Lacks the capacity to understand the obligation of a witness to tell the truth.

Even considering Holt's belated motion as properly preserved, we cannot conclude that the trial court abused its discretion. Immediately preceding J.H.'s testimony, the circuit court engaged her in the following colloquy:

Trial Court: Good morning. Good morning. Could you turn and look at me. Good morning. Could you raise your right hand for me please? Do you promise to tell these people the truth? Alright, you have to say it out loud. Can you say yes or no? Good morning, can you tell me your name? What is it?

J.H.: [mumbles].

Trial Court: Can you say it a little louder?

J.H.: [J.H.]

Trial Court: Even just a little bit louder, can you say it a little louder?

J.H.: [J.H.]

Trial Court: [J.H.] How old are you [J.H.]? Okay, how many is that?

J.H.: Five.

Trial Court: Five. Okay, can you do me a favor, you see this thing in front of you, tap it with your finger like I'm

-7-

doing. Up here. Can you do that for me, and make it squeak? [J.H.] look at me, can you hear this? Can you hear that? Do that to yours. Can you do that to your mic? Can you do that for me?

J.H.: Yes.

Trial Court: [J.H.], we're going to ask you some questions, and will you lean forward and talk to the mic every time there's a question asked of you? Alright. Do you promise to tell the truth? Okay . . . whenever you're ready. VR 11/7/23, 11:44:55-11:46-51.

J.H.'s testimony that followed was brief and confined to who inflicted her injuries, *i.e.*, Holt, and that the injuries were painful. Therefore, in consideration of the medical evidence presented—and Holt's own testimony—any error that may have occurred here is harmless.

## **CONCLUSION**

For the foregoing reasons, we AFFIRM Holt's sentence and conviction.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Jennifer E. Hubbard<br>Assistant Public Advocate<br>Louisville, Kentucky | Russell Coleman<br>Attorney General of Kentucky<br><br>Jenny L. Sanders<br>Assistant Attorney General<br>Frankfort, Kentucky |