Darrell Wayne BLAKE, Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

Supreme Court of Kentucky.

March 9, 1983.

Jack Emory Farley, Public Advocate, Frankfort, for movant; William M. Nixon, Richmond, of counsel.

Steven L. Beshear, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for respondent.

LEIBSON, Justice.

This case involves interpretation and application of the harmless error rule.

Movant, Darrell Wayne Blake, was tried in Todd Circuit Court on the charge of shooting and killing David Grissom. He was tried for first-degree manslaughter, convicted of second-degree manslaughter, and sentenced to five (5) years' imprisonment. The conviction was affirmed by the Court of Appeals.

This is the second appeal. Blake was first tried for murder and convicted of first-degree manslaughter. This first conviction was reversed by the Supreme Court of Kentucky on grounds that the instructions were erroneous. 607 S.W.2d 422.

The opinion of the Court of Appeals on the second appeal held there was error in the conduct of the trial because the Commonwealth's Attorney had cross-examined Blake about his failure to claim self-defense when first arrested. But, using the standards set up in *Niemeyer v. Commonwealth,* Ky., 533 S.W.2d 218 (1976), the Court of Appeals concluded that the error was not prejudicial. We granted discretionary review of the question of whether this

case was a proper application of the harmless error rule.

The shooting in this case took place at a bootleg liquor establishment in Todd County sometime near 11:00 p.m. on August 20, 1977. Blake was arrested at his home three or four hours later. The trial court permitted the Commonwealth's Attorney to question Blake as to why he said nothing about acting in self-defense, or about the victim having a gun, at the time he was arrested and why he waited until a court appearance some eight months later to first reveal his self-defense motive for the shooting.

. Blake's answers to the questions were to the effect that he did not reveal this information when first questioned because he "had no attorney with me" and that he did not thereafter bring up self-defense because "my lawyer at that time advised me not to say anything until the time he told me it was alright."

■ The error in this case relates to the constitutional privilege against self-incrimination. When a so-called constitutional error may have contributed to the conviction, it is presumed to be prejudicial unless the reviewing court can declare that it was harmless error beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), reh. den. 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967).

In *Niemeyer v. Commonwealth, supra,* this Court affirmed a conviction where the Commonwealth's Attorney questioned the defendants about "failure to deny their guilt at the time of the identification procedure and at the time of the arrest." In *Niemeyer,* we attempted to define the standard for determining when there should be a reversal in "constitutional error" cases as follows:

"In determining whether an error is prejudicial, an appellate court must consider whether upon the whole case there is a substantial possibility that the result would have been any different. *Abernathy v. Commonwealth,* Ky., 439 S.W.2d 949, 952 (1969).

Two important circumstances in making such a determination are the weight of the evidence and the degree of punishment fixed by the verdict."

■ Blake complains, with justification, that the fact that he received a minimum sentence could, as likely as not, indicate that the error was highly prejudicial. It is as reasonable to surmise from a minimum sentence that the jury would have acquitted but for the unfair attack upon the testimony as to conjecture that the minimum sentence means that the jury disregarded the matter. There is no justification for the appellate court taking this into consideration in deciding whether or not there was harmless error.

To this extent, we modify *Niemeyer,* and the cases citing it, by this opinion. Nevertheless, we affirm the conviction in this case.

■ As in *Niemeyer,* the evidence of Blake's guilt is overwhelming. In contrast to *Williams v. Zahradnick,* 632 F.2d 353 (4th Cir., 1980), cited by Blake, this is a case where the self-defense claim is "transparently frivolous and uncorroborated." The victim was found shortly after the shooting in a shack locked from the inside with no weapon. A number of witnesses testified that the victim did not keep a weapon in the shack. A passenger in Blake's car when the shooting occurred testified that he saw no sign of a weapon. Blake's claim that the victim had a weapon was completely unsubstantiated and contradicted by all of the credible evidence.

In most cases reversed because the prosecutor questioned or commented on the fact that the accused remained silent, the defendant never explained the reason for his silence. Not so here. Here Blake explained why he remained silent—on advice of counsel. The explanation was perfectly reasonable. It was one which would be accepted by fair-minded jurors. This mitigates the possibility that any prejudice to Blake resulted.

The proper standard for deciding whether a case such as this should be affirmed has

been met. Taken as a whole, the evidence of Blake's guilt is overwhelming and the error is harmless beyond a reasonable doubt.

The judgment of the trial court and the decision of the Court of Appeals is affirmed.

All concur except STEPHENSON, J., who concurs in result only.