798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. JOHNSON, Petitioner-Appellant,
v.
John REES and Attorney General of Kentucky, Respondents-Appellees.
 No. 85-5824.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1986.
 
 Before KRUPANSKY, Circuit Judge, BOGGS, Circuit Judge, and PORTER, Senior District Judge.
 PER CURIAM:
 
 
 1
 This habeas corpus case is before this Court, for the second time, pursuant to 28 U.S.C. Sec. 2254. Petitioner requests habeas corpus relief following his conviction in state court for possessing a forged instrument in the second degree (Jt.App. at 31) . He was sentenced to one year in the penitentiary, but the sentence was suspended and petitioner was placed on probation.
 
 
 2
 Petitioner, on this current appeal, continues to assert the same two grounds for relief. First, that the trial court denied him due process of law when it failed to instruct the jury on a lesser included offense, and second, that his rights were violated when the prosecutor allegedly commented during closing arguments on petitioner's failure to testify.
 
 
 3
 On the initial appeal, this Court reversed the district court's dismissal of the petition for failure to exhaust state remedies. Finding that it would be futile for petitioner to return to the state courts to exhaust on whether the trial court erred in not instructing the jury on a lesser included offense, the Court remanded the petition to the district court to consider whether petitioner could show cause and prejudice to excuse the procedural default.
 
 
 4
 On remand, the district court did not reach "cause and prejudice" because it held that Ky.Rev.Stat. Sec. 516.100, the putative lesser included offense, was not in fact an offense included in the offense charged, Ky.Rev.Stat. Sec. 516.60.
 
 
 5
 We agree with the district court that petitioner's first ground for relief is without merit, but for different reasons.
 
 
 6
 In this case petitioner requested an instruction on the lesser included offense of Ky.Rev.Stat. Sec. 186.210, but failed to tender an instruction on the lesser included offense of Ky.Rev.Stat. Sec. 516.100. The trial judge refused to give the jury the tendered lesser included offense instruction.
 
 
 7
 Petitioner's failure to request an instruction from the Court on the inclusion of Sec. 516.100 in the offense for which petitioner was ultimately convicted bars petitioner from now raising the claim. This Court has held that a trial judge's failure to give an unrequested instruction is not an error cognizable in a federal habeas corpus proceeding. Manning v. Rose, 507 F.2d 889, 895 (6th Cir.1974). The failure to instruct on a lesser included offense in, this case simply does not rise to a constitutional level. See Pilon v. Bordenkircher, 593 F.2d 264 (6th Cir.1979).
 
 
 8
 We disagree with petitioner's argument that it was incumbent upon the trial judge to research the applicable law and instruct on all possible lesser included offenses. Petitioner's first claim for relief is therefore without merit and is denied.
 
 
 9
 Petitioner's second contention likewise lacks merit.He claims that the prosecutor commented an Johnson's silence in closing argument, and unfairly placed the burden of proof on the defendant. Petitioner was convicted of using a falsified certificate of registration showing ownership of a 1976 Mercedes to obtain a bank loan. The facts adduced at trial showed that petitioner owned a 1966 and a 1969 Mercedes.
 
 
 10
 The prosecutor told the jury that Johnson did own a 1966 and a 1969 Mercedes-Benz, and that "if he had owned any other kind of Mercedes, don't you think he would have introduced some kind of evidence on that?" (Jt.App. at 69) .
 
 
 11
 It is clear that the fifth amendment prevents a prosecutor from commenting upon a criminal defendant's failure to testify. Griffin v. California, 380 U.S. 609 (1965); Raper v. Mintzes, 706 F.2d 161 (6th Cir.1983).
 
 
 12
 This Court has eschewed a hard and fast approach in analyzing this sort of alleged prosecutorial misconduct, Raper v. Mintz, supra. We find that in the instant case petitioner's rights were not violated by the prosecutor's comment.
 
 
 13
 Our analysis is governed by Spalla v. Foltz, No. 85-1653, Slip op. at 7-8 (6th Cir. April 18, 1986) in which the Court held:
 
 
 14
 [I]f a prosecutor's comments are "indirect," the court should not automatically reverse, but should determine whether the comments were intended as a comment on the defendant's failure to testify or whether the jury would naturally and necessarily take them to be comments on the failure of the accused to testify.
 
 
 15
 * * *
 
 
 16
 * * *
 
 
 17
 A probing analysis requires consideration of the following four factors:
 
 
 18
 (1) Were the comments "manifestly intended" to reflect the accused's silence or of such a character that the jury would "naturally and necessarily" take them as such;
 
 
 19
 (2) Were the remarks isolated or extensive;
 
 
 20
 (3) Was the evidence of guilt otherwise overwhelming;
 
 
 21
 (4) What curative instructions were given, and when.
 
 Id. (Citation omitted.)
 
 22
 We find that the prosecutor's comment was "indirect" in that it did not refer to defendant's failure to take the stand. Moreover, the remark was isolated, the judge offered a curative instruction which was rejected by petitioner, and the evidence of guilt in this case was overwhelming.
 
 
 23
 In any event, petitioner's essential argument appears not to be that the prosecutor's comment violated his fifth amendment right against self-incrimination, but that the comment unfairly shifted to petitioner the burden of proof.
 
 
 24
 A federal habeas court may not set aside a state court conviction due to impropriety in closing arguments unless the prosecutor's alleged objectionable statements imbued the trial with error of constitutional proportions. Forniash v. Marshall, 686 F.2d 1179, 1187 (6th Cir.1982), citing United States v. Frady, 456 U.S. 152 (1982). Whether the prosecutor's statements were so egregious as to render the trial fundamentally unfair must be determined in light of all of the circumstances surrounding the case in question. Angel v. Overberg, 682 F.2d 605 (6th Cir.1982).
 
 
 25
 The state appellate court held, in 1981, that the prosecutor's statement did not result in any prejudice to the petitioner in view of the overwhelming evidence and the fact that the appellant received the minimum penalty[1] (Jt.App. at 29). We agree that the prosecutor's statement were harmless beyond a reasonable doubt in view of the substantial evidence adduced at trial. Therefore the statement did not render the trial fundamentally unfair. Accordingly, petitioner's second claim for relief is without merit and is therefore denied.
 
 
 26
 For the foregoing reasons, we affirm the district court and deny petitioner's application for habeas corpus.
 
 
 
 [1]
 As a matter of Kentucky state law, it is now improper to consider whether a defendant received the minimum penalty in determining whether an error is harmless. Blake v. Commonwealth, 646 S.W.2d 718 (Ky.1983) . In light evidence adduced at trial, we need not address that issue