# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: FEBRUARY 24, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0238-MR

TAHJEE WINTERS                                         APPELLANT

ON APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE LUCY VANMETER, JUDGE
NO. 16-CR-001078-002

V.

COMMONWEALTH OF KENTUCKY                      APPELLEE

### MEMORANDUM OPINION OF THE COURT

### <u>AFFIRMING</u>

This case comes before the Court on appeal as a matter of right[1] by Tahjee Winters, the Appellant, from the judgment and sentence of the Fayette Circuit Court. After a seven-day jury trial, Winters was found guilty of one count of robbery in the first degree; one count of burglary in the first degree; one count of assault in the first degree; and five counts of complicity to robbery. The aggregate sentence of imprisonment recommended by the jury and followed by the trial court was 28 years. Winters timely appealed.

Winters' sole argument on appeal is that his trial should have been severed from seven charges of his co-defendant. This failure, according to

---

[1] Ky. Const. § 110(2)(b).

Winters, may have led the jury to convict him on the basis of evidence of crimes for which he was not charged.

Because Winters has presented a speculative claim and fails to demonstrate actual, undue prejudice, we affirm his conviction.

## I. Factual and Procedural Background

The narrow basis of our ruling does not demand a comprehensive account of the facts. For our purposes, it suffices to note that a string of five robberies occurred in Lexington between September 7, 2016 and September 17, 2016. The first involved a residential home and four victims, two parents and two children. A Toyota Camry was stolen from the home and later recovered with a .40S&W caliber round discovered in the car. One of the victims, Nakia Talbert, positively identified Winters and his co-defendant, Deverious Jones, as two of the three assailants. The second and third robberies occurred on September 8 and 13, respectively, involving a total of seven victims. Both involved different Hibbett Sports stores. The final two robberies occurred on September 17 and involved Shell and Marathon gas stations just minutes apart from one another, with a total of four victims. The Marathon robbery culminated in the shooting of an employee, Charles Moore. He was shot five times and is permanently paralyzed from the waist down. Shells recovered from the scene prove the calibers of the weapons used were .9mm and .40S&W.

Winters and his co-defendant were eventually arrested. Jones was arrested on September 22, 2016 in Lexington in possession of a .9mm Smith

and Wesson. Winters was arrested four days later in Bowling Green in possession of a .40 Smith and Wesson with an extended magazine. While testing could not conclusively prove Winters' gun was used in the Marathon shooting, neither did it exclude it. Testing did confirm the .9mm of Jones' was used in the shooting.

Both men were indicted in a single indictment for the robberies except for the Hibbett Stores; only Jones was charged with those robberies, a total of seven charges. Thus, of fifteen total charges, Winters was charged with six first-degree robberies, one first-degree assault, and one first-degree burglary. Jones faced those charges as well, plus seven additional first-degree robbery charges.

Winters filed a motion to sever the seven uncharged robberies from his trial. The trial court denied the motion. It concluded joinder was permissible under RCr[2] 6.20 and "prejudice will [not] influence the jury to unfairly bias their decision against the uncharged defendant." Winters was eventually found guilty as recounted above. He appealed.

The precise argument he advances is the jury "may have sentenced [him] to the [mandatory] minimum because the alternative of finding him not guilty—after hearing evidence [from the uncharged robberies]—was simply not palatable." In plain terms, Winters alleges he was found guilty of complicity to robbery on the four charges stemming from the residential robbery on

---

[2] Kentucky Rules of Criminal Procedure.

3

September 7 because of evidence introduced at trial regarding the Hibbett Sports robberies.

## II. Standard of Review

Two defendants may be charged under one indictment "if they are alleged to have participated . . . in the same series of acts or transactions constituting an offense or offenses." RCr 6.20. But "all of the defendants need not be charged in each count." *Id.* "A criminal defendant is not entitled to severance unless there is a positive showing prior to trial that joinder would be unduly prejudicial." *Humphrey v. Commonwealth*, 836 S.W.2d 865, 868 (Ky. 1992). "Trial judges are vested with great discretion in determining whether to join or sever offenses, and this Court has consistently declined to disturb that discretion absent a showing of clear abuse and actual prejudice[.]" *Cherry v. Commonwealth*, 458 S.W.3d 787, 793 (Ky. 2015) (internal citations omitted). Indeed, we "must be clearly convinced that prejudice occurred and that the likelihood of prejudice was so clearly demonstrated to the trial judge that the refusal to grant a severance was an abuse of discretion.'" *Id.* (quoting *Murray v. Commonwealth*, 399 S.W.3d 398, 405 (Ky. 2013)). Time and again we have "noted that an erroneous severance ruling does not justify appellate relief unless it resulted in actual prejudice to the party opposing the ruling." *Peacher v. Commonwealth*, 391 S.W.3d 821, 838 (Ky. 2013).

4

## III. Analysis

The two circumstances controlling our disposition are first, the trial court ruling that the robberies were similar acts or transactions and the jury would not be overcome with prejudice by the inclusion of some robberies for which Winters was not charged, but his co-defendant was. RCr 6.20 clearly allows for this. Winters insists this Court must re-evaluate that ruling under KRE[3] 404(b). *See Cherry*, 458 S.W.3d at 794; *Peacher*, 391 S.W.3d at 838-39. But a threshold issue, and the second circumstance dispositive of this case, is the lack of any citation to the record where actual, undue prejudice has occurred.

Winters' claim is only that the jury *may* have found him guilty for the residential robbery based on evidence from the Hibbett stores robberies. This is a speculative claim on its face. Moreover, we grant him no presumptions or inferences in his favor upon review. In the face of an eye-witness identification from a victim of the residential robbery as well as physical evidence, Winters' speculative claim is dubious at best.

He has not shown he was forced to argue an antagonistic defense. He has not shown he was forced to concede guilt to a lesser charge in order to avoid conviction on a greater one. He has not shown where the Commonwealth improperly used evidence or testimony from the uncharged crimes to inculpate him, such as citing to a direct examination or closing arguments. Finally, he has not shown the evidence between the charged and uncharged crimes was

---

[3] Kentucky Rules of Evidence.

incapable of being compartmentalized in the minds of the jury. *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) (applying Federal Rule of Criminal Procedure 14(a), holding "[a] request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants").

As a general matter, we do not search about the record looking for error. *Catlin v. Justice*, 156 S.W. 107, 111 (Ky. 1941). The failure of Winters to show where actual, undue prejudice occurred leads to the sound conclusion that it did not occur. For this reason, we decline to undertake a superfluous KRE 404(b) analysis.[4]

With nothing prejudicial occurring during the empaneling of the jury or during the trial, Winters is left to argue the length of his sentence as the sole evidence he was prejudiced, citing to *Blake v. Commonwealth*, 646 S.W.2d 718, 719 (Ky. 1986). But *Blake* has nothing to do with joinder and severance. Moreover, Winters has misconstrued the holding of the case.[5] *Blake* explicitly modified a prior case to *exclude* consideration of sentence length altogether when determining whether an error was harmless. *Id.* Simply put, *Blake* is

---

[4] Inadmissible evidence under KRE 404(b) is a significant indicator that prejudice has occurred. *Rearick v. Commonwealth*, 858 S.W.2d 185, 187 (Ky. 1993). But even if mutual inadmissibility is proven, it alone does not justify reversal. *Humphrey*, 836 S.W.2d at 868-69; *Bush v. Commonwealth*, 457 S.W.2d 495, 497 (Ky. 1970).

[5] *Blake* "relates to the constitutional privilege against self-incrimination. When a so-called constitutional error may have contributed to the conviction, it is presumed to be prejudicial unless the reviewing court can declare that it was harmless error beyond a reasonable doubt." 646 S.W.2d 718, 719 (Ky. 1986). *Blake* modified the test factors for when the presumptive error can be declared harmless by omitting sentencing length from consideration. *Id.*

inapposite. And to the extent it might apply, militates against Winters' argument.

## IV. Conclusion

Winters has advanced nothing more than a speculative claim of prejudice. He has failed to clearly convince us actual, undue prejudice occurred. This failure is fatal to his claim. The Fayette Circuit Court is affirmed.

Minton, C.J.; Conley, Hughes, Keller, Lambert, Nickell, JJ., sitting. All concur. VanMeter, J., not sitting.

COUNSEL FOR APPELLANT:

Julia K. Pearson
Adam Meyer
Assistant Public Advocates

COUNSEL FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

E. Bedelle Lucas
Assistant Attorney General