UNITED STATES of America,
Appellee,

v.

Robert Darrell BURDEN, Jr.,
Appellant.

No. 74–1170.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1974.

Decided June 13, 1974.

Rehearing Denied July 12, 1974.

Henry J. Osterloh, Little Rock, Ark., for appellant.

John F. Forster, Jr., Little Rock, Ark., for appellee.

Before VOGEL, Senior Circuit Judge, and GIBSON and WEBSTER, Circuit Judges.

VOGEL, Senior Circuit Judge.

Robert Darrell Burden, Jr., appellant herein, was, after indictment, tried and found guilty by a jury of a violation of 21 U.S.C.A. § 841(a)(1)—possession of marijuana with intent to distribute. This is a direct appeal from the judgment of conviction.

On September 21, 1973, the appellant and one Morgan Danny Watson were arrested in Little Rock, Arkansas. At the time of the arrest, the appellant and Watson were in a 1969 blue Ford pickup truck which belonged to Watson and which contained a large quantity of alleged marijuana they had transported from Texas. An undercover agent for the United States had pre-arranged with Watson to purchase approximately 150 pounds of marijuana. At the time of the arrest the government agents confiscated the alleged marijuana.[1] Subsequent to indictment, and after the appellant had entered a plea of not guilty, defense counsel filed a motion for a bill of particulars which was granted in part by the trial court by order dated January 21, 1974. The United States Attorney's office responded to the court's order by letter to the appellant's attorney dated January 25, 1974. On motion of the government because of the absence of a key witness, the case was continued until February 7, 1974. On the morning of the trial, defense counsel moved for a continuance, alleging that the government failed to comply with the court's order on its motion for a bill of particulars, completely ignoring the government's response of January 25, 1974. The trial court denied the motion for a continuance. After a jury verdict of guilty, returned after less than 15 minutes' deliberation, the appellant was sentenced to three years' confinement.

The appellant on this appeal raises numerous claims of error. We have considered all of them and find that but three require brief discussion. We affirm.

■■ Appellant's first contention is that the government failed to file timely responses to his motion for bill of particulars and the court's order thereon. The motion for bill of particulars was filed on December 14, 1973. On January 21, 1974, the trial court entered an order granting certain portions of defendant's counsel's motion and denying others. On January 25, 1974, the United States Attorney's office responded to the court's order by letter, furnishing a copy thereof to the court. In the interim, on January 23, 1974, defense counsel had filed a motion for a continuance based upon failure to receive the items set forth in the court's order. On February 6, 1974, the United States Attorney's office filed a supplementary affidavit for record purposes pursuant to Rule 16(g) of the Federal Rules of Criminal Procedure. Based thereon, the appellant moved for a continuance on the morning of the trial. This motion was denied. We note that the letter forwarded to defense counsel on January 25, 1974, included a list of all prospective witnesses as well as laboratory tests conducted upon the seized substance. From the record before us, this appears to be all the information the government at that time possessed. We, as did the trial court, consider it a reasonable response to the demand for bill of particulars and the court's order thereon. Defense counsel knew that the government was alleging possession of marijuana from a clear reading of the indictment. We likewise note that the appellant could have used Rule 16 of the Federal

---

1. Morgan Danny Watson subsequently pleaded guilty to a violation of 21 U.S.C.A. § 841(a)(1). He was sentenced and appeared as a government witness in this appellant's trial.

Rules of Criminal Procedure for discovery purposes. A motion for continuance directs itself to the sound discretion of the trial court. Unless an abuse of discretion can be shown, an appellate court may not disturb the trial court's ruling. United States v. Harrelson, 477 F.2d 383 (5th Cir. 1973); Hemphill v. United States, 392 F.2d 45, 49 (8th Cir. 1968); Butler v. United States, 351 F.2d 14, 18 (8th Cir. 1965).

In denying the motion for continuance, the trial court stated:

I am going to overrule the motion. It's been clear since the indictment was filed that the government was contending this was marijuana and, if that was a real issue in the case, defendant could have at any time from that point on, asked for an opportunity to examine tests or otherwise determine whether the material was marijuana. If it has not chosen to do so until this date, I am not going to continue it on that record.

I think the order was that they would provide you what information they had about the criminal records of witnesses.

MR. OSTERLOH: [Attorney for appellant] Yes, sir.

THE COURT: I didn't ask them to make any investigation of the matter, but just simply to make available to you that information along with any exculpatory evidence—

MR. OSTERLOH: Yes, sir.

THE COURT: —which, by the way, would include any scientific tests which would reflect doubt upon whether this was marijuana, if any.

Ever since the indictment it was patent to the appellant and his counsel that the charge, possession of marijuana with intent to distribute, would naturally call for an identification of the substance involved. No proper justification was shown in support of the motion for continuance. There was no error in denying it.

Appellant's second major contention is the admission of the testimony of the government's expert Mr. Harold Hanel was error. It is his contention that Hanel's qualifications were deficient and that as such he should not have been allowed to express an expert opinion on the material analyzed or the tests involved therein. He also claims that Hanel neither stated nor proved that the substance in question was Cannabis Sativa L. as defined in 21 U.S.C.A. § 802(15). Whether or not a witness may be allowed to testify as an expert is determined by the trial court. The weight and sufficiency of such testimony, once received, rests entirely with the jury. Harnett v. Ulett, 466 F.2d 113, 118 (8th Cir. 1972); United States v. Brumley, 466 F.2d 911, 916 (10th Cir. 1972); Fineberg v. United States, 393 F.2d 417, 421 (9th Cir. 1968). Mr. Hanel was a forensic chemist employed by the Drug Enforcement Administration. In examining the record as it discloses his educational background and experience, we are convinced that the trial court did not abuse its discretion in allowing him to testify as an expert. Where an expert's qualifications are challenged, as they were here, and he nevertheless is allowed to testify, the weight that should be afforded his testimony becomes a matter for the jury as the finder of the facts. Again we find no error.

Lastly, appellant advances the contention that the government failed to prove that the substance possessed by the appellant was Cannabis Sativa L. as required by 21 U.S.C.A. § 802(15). Mr. Hanel, the government's expert, testified clearly and unequivocally that the vegetable matter in question and found in the possession of the appellant and Watson was marijuana or Cannabis Sativa L. Appellant's contentions in this respect are without merit. See United States v. Moore, 330 F.Supp. 684 (D.C. E.D.Pa.1970), aff'd, 446 F.2d 448 (3rd Cir. 1971), cert. denied, 406 U.S. 909, 92 S.Ct. 1617, 31 L.Ed.2d 820 (1972).

Affirmed.