**PATTIE A. CLAY INFIRMARY ASSOCIATION et al., Appellants,**

v.

**FIRST PRESBYTERIAN CHURCH OF RICHMOND, Kentucky, et al., Appellees.**

Supreme Court of Kentucky.

May 20, 1977.

Steve Robbins, Richmond, for appellants.

Phillip D. Scott, McDonald, Alford & Roszell, Lexington, for appellees.

CLAYTON, Justice.

The appellant Pattie A. Clay Infirmary Association was incorporated in 1892 to receive a conveyance of real property situated in Richmond, Kentucky, for the operation of a hospital. This conveyance was made subject to the requirement that the hospital be forever controlled by a nonsectarian Board of Directors to be composed of members selected by each of Richmond's white Protestant Christian churches. Although neither the Association's articles of incorporation nor the instrument of conveyance specifies any requirements as to the gender of the membership of the Board of Directors, the Association's bylaws require that those members selected by the churches be women. On the basis of this requirement, the Association refused to seat a man, G. Murray Smith, Jr., selected by the First Presbyterian Church of Richmond as its representative member on the board, resulting in an action being instituted in the Madison Circuit Court for a declaratory judgment to determine whether this refusal violates the fourteenth amendment to the United States Constitution and section 5 of the Kentucky constitution.

The complaint and answer offered conflicting allegations as to whether the hospital is a public facility and thus whether there was sufficient state action in its operation to subject it to the control of the applicable sections of the state and federal constitutions. The parties entered into a stipulation of the facts concerning the establishment of the hospital and the events leading to this litigation, but the record

**574**

does not reflect any further proof being taken or presented by either party, and neither provided the trial court with a written memorandum on the issues involved. Sitting without a jury, the court concluded on the basis of the pleadings, exhibits and facts stipulated by the parties that the hospital " . . . is operated for the benefit of the general public in Madison County and has a public purpose." It therefore held the provision of the Association's by-laws restricting membership on its Board of Directors to women to be invalid as a denial to men of the equal protection of the law in violation of the state and federal constitutions, and ordered the Association to seat Smith as a fully qualified director and to similarly seat any other man properly nominated for such position in the future. We reverse.

Although the appellees have conceded at the oral argument of this appeal that they do not seriously contend the Association's articles of incorporation and by-laws serve as sufficient grounds to uphold the judgment of the circuit court, they argue the trial judge properly took judicial notice of facts concerning the public nature of the hospital which are sufficient to sustain his decision. While we agree that courts may take judicial notice of facts beyond the scope of reasonable dispute which either are of common knowledge within the territorial limits of the court's jurisdiction, or are susceptible to immediate and accurate determination by resort to readily accessible and indisputable sources, Lawson, *Ky. Evidence Law Handbook*, p. 1 (1976), there is no indication other than in appellees' brief that this is what occurred here. Even assuming it did, however, we do not feel all the facts to which the appellees refer—that the hospital is a charitable, nontaxable corporate institution open to the public; that it receives Hill-Burton, Medicare and Medicaid funds; that it is licensed by one or more state regulatory agencies; and that it is the only hospital in Richmond—fit within this category of matters susceptible to judicial notice, for we hardly feel them to be matters of common knowledge. Moreover, as we have previously noted, the pleadings herein present a reasonable dispute as to whether the hospital is private or public in its nature and function, and the record, including the stipulation of facts, contains nothing to indicate one way or the other. We must therefore conclude the trial court's finding of state action, via its conclusion that the hospital has a public purpose, was in error.

The judgment is reversed and remanded to the circuit court with directions that further proof be taken on the issue of whether the actions of the hospital in refusing to seat Smith on its Board of Directors are under color of state law. If such state action is found, the membership restriction according to sex should be declared void. Conversely, if the actions of the Association are found private in nature, no constitutional violation can be found and the action should be dismissed.

All concur except JONES, J., who dissents.