**Quford DAVIDSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

July 29, 1977.

Rehearing Denied Oct. 7, 1977.

Jack E. Farley, Public Defender, Edward C. Monahan, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

The Letcher County Grand Jury indicted appellant for the murder of Gary Combs. KRS 435.010. On trial he was found guilty of willful murder and his penalty fixed at life imprisonment. The indictment against appellant and a codefendant, Butch Brock Thornsberry, is dated October 21, 1974, and they were tried together on July 23 and 24, 1975. On the day the trial was scheduled to commence, counsel for appellant orally moved the court for a continuance, based on the absence of a material witness. His oral motion was reduced to writing. The prosecuting attorney objected to the continuance and to the written statement being read to the jury. Counsel for codefendant Thornsberry likewise objected to a continuance. The court denied the continuance and denied appellant the privilege to read the statement to the jury. Appellant's motion and grounds for a new trial, which included an objection to the court's refusal of a continuance, was denied on July 30, 1975.

On this belated direct appeal appellant raises four issues. He contends that the trial judge abused his discretion in denying the continuance and that, by reason thereof, the judgment of conviction against him should be set aside and he be granted a new trial.

The absent witness is Mike Hale. In substance, appellant states that Hale was present when Gary Combs was shot to death and that he has tried continually since his indictment to locate and to contact Hale and have him present for the trial, all without success. He says that he first learned of Hale's whereabouts on July 21, 1975; that he is working in a restaurant in the community of New Port Ritchie, Florida; and that he has not been able to contact Hale.

First of all, appellant claims to have first learned of Hale's whereabouts on July 21, 1975. However, it was not until the case was called for trial on July 23 that the court first knew there was such a witness, much less that he could not be located. No subpoena for Hale's attendance was secured by appellant until July 22, one day before

the trial and at a time when he knew that Hale was out of the state. Such a request and issuance naturally was utter folly. The written motion for a continuance is not based on appellant's firsthand knowledge of Hale's whereabouts, but it is made from information furnished to him by someone else. At a prior term of court appellant announced ready for trial, without the presence of Hale. During the time and on the occasion that the difficulty occurred, which resulted in the death of Gary Combs, Hale was staying at the home of Brenda Stratton, but no showing was made that there was any attempt to locate Hale through that source. Brenda was present with Hale on the occasion when Gary Combs and some other young men came to her home inquiring about appellant. However, Brenda was not called on as a witness, nor was any reason shown why she was not used. The facts which Hale is supposed to be able to furnish are either cumulative or available from Brenda Stratton.

█ In the conduct of a trial the judge is vested with wide discretion. RCr 9.04. The granting of a continuance on account of absent witnesses rests within the sound discretion of the trial court, and his action will not be disturbed except where it is clearly shown that there has been an abuse of discretion. *Cornwell v. Commonwealth*, Ky., 523 S.W.2d 224 (1975). The record in the instant case does not reflect an abuse of discretion on the part of the trial judge in refusing to continue the trial as requested by appellant.

█ Next, appellant objects to the trial court's instructions, contending, first of all, that the court should have instructed the jurors that they could find the appellant guilty of murder only if the Commonwealth proved beyond a reasonable doubt the absence of sudden affray and sudden heat of passion, and, secondly, that the court should have directed a verdict of acquittal on the murder charge.

RCr 9.54(2) provides:

"No party may assign as error the giving or the failure to give an instruction unless he has fairly and adequately presented his position by an offered instruction or by motion, or unless he makes objection before the court instructs the jury, stating specifically the matter to which he objects and the ground or grounds of his objection."

In *Hopper v. Commonwealth*, Ky., 516 S.W.2d 855 (1974), this court said:

"* * * It is now the duty of the accused to assure himself that the jury is properly instructed at the time of submission. If the instructions do not meet with his approval, then he must timely offer other instructions or make known to the trial court his objection to those given, together with the grounds supporting his objection. Hopper failed to observe the mandate of RCr 9.54(2). Consequently, he did not preserve for appellate review any objection to the instructions given by the trial court."

Preparatory to instructing the jurors on the law of the case, the trial court inquired of appellant's counsel whether he had any instructions to offer, to which he replied in the negative. Thereupon, the court proceeded to instruct the jury without any instructions being offered by counsel for appellant or any objection from him to the instructions that were given. This issue was not preserved for appellate review.

█ The sequestering of a jury in the trial of a felony case is mandatory, unless otherwise agreed upon by all counsel. RCr 9.66. In the subject action the trial lasted two days. The jury was kept together overnight. In the affidavit filed with appellant's motion for a new trial, he stated that he had discovered, and he asserts that one of the jurors, Joe Colbert, violated the sequestering order. The juror was named, but he was not brought before the court to verify his challenged conduct, nor was his written statement or affidavit relating to the facts of the alleged irregularity filed. As a matter of fact, the appellant did not reveal how he discovered the irregularity, if there was such an irregularity, or whether appellant merely learned through rumors that the sequestering order was violated.

This sort of evidence is hardly sufficient to support a charge of violation of the sequestering order or to place on the Commonwealth the burden to show that no opportunity for the exercise of improper influence existed. The irregularity was not called to the court's attention until appellant filed his motion and grounds for a new trial. This was five days after the conclusion of the trial. No explanation is given as to why this matter was not sooner brought to the court's attention. Also, there is nothing in the record to disclose when counsel first learned of the alleged irregularity. In *Smith v. Commonwealth,* Ky., 366 S.W.2d 902 (1962), this court held that since the question was raised for the first time in the motion for a new trial, it came too late. The action of the trial judge in denying appellant's claim of error was proper.

Appellant contends that he did not receive effective assistance of counsel on his trial. In *Foster v. Commonwealth,* Ky., 507 S.W.2d 443 (1974), in dealing with a similar issue, we said:

> "Foster filed a supplemental brief, pro se, in which he claims ineffective assistance of his trial counsel (a different lawyer than the ones prosecuting this appeal.) The trial court was not made aware of this complaint during the trial nor was this contention contained in the motion for a new trial, therefore this ground was not preserved for appellate review. RCr 9.22. * * *"

In *Caslin v. Commonwealth,* Ky., 491 S.W.2d 832 (1973), we stated:

> "Another assignment of error is that appellant had inadequate legal representation. He cites several examples to support his contention. The question of inadequacy of counsel was never presented in the lower court. This is not an error therefore that is reviewable on direct appeal. * * *"

This point was not raised in the lower court and has not been preserved for appellate review.

The judgment is affirmed.

REED, C. J., and PALMORE, STEPHENSON, CLAYTON and STERNBERG, JJ., sitting.

All concur.