Phillip ROLLI, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 2, 1984.

James A. Harris, Jr., Osborne & Harris, Paducah, for appellant.

David L. Armstrong, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, LESTER and WHITE, JJ.

LESTER, Judge.

This is an appeal from a judgment of the Lyon Circuit Court which upheld a jury verdict convicting appellant of theft by deception. Appellant claims that a new trial is warranted, alleging that the prosecution suppressed exculpatory evidence, and failed to comply with RCr 7.24 and RCr 7.26.

On April 1, 1983, the Lyon County Grand Jury returned an indictment charging Phillip Rolli with arson in the second degree, theft by deception, theft by failure to make the required disposition, and bigamy. The bigamy charge was ordered severed for trial, and the charge alleging theft by failure to make required disposition was dismissed upon Rolli's motion for directed verdict at the close of the Commonwealth's case in chief. The jury returned a not guilty verdict on the arson charge and sentenced appellant to one year imprisonment on the remaining charge.

The testimony at trial revealed that Rolli was the manager of Daytona Land Campground in 1981, when a fire occurred there which destroyed a clubhouse on the premises. Ann Sutton, a witness for the Commonwealth, testified that she was the former wife of the appellant, and that she had worked with him at the campground. At trial, Sutton testified that she was present at a meeting between Rolli and the owners of the corporation where it was proposed and agreed to acquire new insurance on the clubhouse and then burn the building. She further stated that she assisted Rolli in drawing up an inventory of items destroyed in the fire which she claims were not, in fact, destroyed.

The grand jury transcript shows that Sutton had previously testified under oath that she had no knowledge of suspicious circumstances concerning the fire until six months after the clubhouse burned and that the owner had no knowledge of a plan to deliberately burn the premises. She acknowledged during trial that she had committed perjury before the grand jury and stated that she had told the Commonwealth of her changed testimony about two months prior to trial.

On the morning of the third day of trial, in an in-chambers hearing, it was revealed that Sutton, in cooperation with the Commonwealth attorney and the police, had placed telephone calls to one of the company's owners in Chicago. These conversations were taped by the Commonwealth, and allegedly were part of an effort to

entice the owner, a Mr. Malley, into making incriminating statements.

At this hearing, it was also disclosed that Malley had sent an affidavit to the Commonwealth attorney, prior to trial, which stated that Sutton had attempted to extort $2,500 from Malley during the above-mentioned phone conversations.

Upon learning of all of this activity, appellant's counsel moved the court to either strike the testimony of Ann Sutton, dismiss the prosecution, grant a mistrial, or grant a continuance. These motions were based on appellant's claim that the Commonwealth had violated a discovery order by failing to inform appellant of Sutton's grand jury perjury, of the taped phone calls, or of the affidavit from Malley. Appellant's counsel argued then, and argues on appeal, that the above actions constituted deliberate misconduct and suppression of exculpatory evidence in violation of due process.

The Commonwealth's attorney, in response, maintained that the suppressed evidence was not exculpatory and did not prejudice the appellant. The trial court, after listening to the tapes and after viewing the affidavit, denied all of defendant's/appellant's motions. Having attempted to set out rather complicated facts, we can now turn to a discussion of the applicable law.

The appellant's pre-trial discovery motion requested, among other things, any and all evidence or information in the possession of the Commonwealth which related to the alleged crimes, which might have tended to exculpate the defendant, or which might have been necessary to prevent unfair surprise. The trial court granted the motion, directing the Commonwealth to comply with the discovery order within 20 days of trial. After reviewing the record and case law, it is our opinion that the Commonwealth violated this order.

■ It is well-established that the right to cross-examine a witness to impeach his credibility or show motive or prejudice is fundamental to a fair trial. *Williams v. Commonwealth*, Ky., 569 S.W.2d 139 (1978). Faced with a discovery order such

as appears here, the prosecutor has a good faith duty to disclose what appears to be exculpatory evidence. If the government had doubt about the discoverability of the evidence, it should have submitted it to the court prior to trial for an in-camera determination. RCr 7.26.

■ It has been held that information which affects the credibility of prosecution witnesses clearly falls within the category of exculpatory evidence. *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Fitzgerald, 8 *Ky.Prac.* § 602 (1978). Here, there was evidence, in the form of a sworn statement, that Sutton had attempted to extort money in exchange for her testimony at trial. While the tape recordings do not substantiate that evidence, prior disclosure would have given counsel for appellant the opportunity to call Malley as a witness. The jury then could have weighed the credibility of the respective witnesses. The tape recordings themselves may not exculpate Rolli, but they could have been used to show the cooperation of Sutton with the prosecution, which, again, affects that witness' credibility. Furthermore, the Commonwealth's prior knowledge of Sutton's perjury before the grand jury, and its failure to divulge this, would appear to violate the discovery order calling for disclosure of anything which would create unfair surprise to the defendant.

Thus, while it is true that defense counsel was apparently able to cast some doubt on Sutton's believability, had he known of the undisclosed evidence prior to trial, he might have been able to present it in such a manner as to completely discredit her testimony.

■ Appellee's contention that no prejudice resulted because appellant was not convicted of the arson is without merit. Sutton was the key witness for the prosecution in a trial on all three charges. Her credibility could possibly have been further destroyed, and the appellant acquitted on the theft by deception charge as well. That Rolli's counsel did question Sutton as to whether she had any "deals" with the Commonwealth, is likewise no excuse for

the nondisclosure. Exposure of her cooperation with that office in making the phone calls might have influenced the jury to disbelieve her testimony. We will not speculate further as to what the jury might have done, but we simply hold that there is a "reasonable likelihood" that disclosure could have affected the judgment of the jury. *Williams, supra.*

"The Commonwealth's attorney is under as great an obligation to comply with the order of the court as anyone. As a matter of fact, his duty as an officer of the court compels him to be more concerned with complying with the court's order." *Silverburg v. Commonwealth,* Ky., 587 S.W.2d 241 (1979).

In *Silverburg,* a continuance was granted the defense where the Commonwealth withheld discoverable material. Such action was requested and denied the appellant, Rolli. Therefore, we must reverse that judgment and remand this case for a new trial.

All concur.