Jessie A. STUMP, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 86–CA–1782–MR.

Court of Appeals of Kentucky.

Nov. 20, 1987.

Withdrawn and Reissued
Feb. 5, 1988.

Discretionary Review Denied by Supreme
Court April 19, 1988.

608

Daniel T. Goyette, Jefferson Dist. Public Defender, J. David Niehaus, Deputy Appellate Defender of the Jefferson Dist. Public Defender, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Mary–James Young,* Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, DYCHE and McDONALD, JJ.

McDONALD, Judge:

Jessie Allen Stump has appealed from the judgment of the Jefferson Circuit Court convicting him of first-degree sexual abuse and imposing a three-year sentence of imprisonment.

Stump was indicted in May, 1985, on two counts of sexual abuse alleged to have

occurred on March 30, 1985,[1] while he was baby-sitting the family of his wife's brother, J.S.[2]  J.S. and his wife had left their five children with appellant earlier that day and planned to return the following morning.  However, they changed their plans and returned early, arriving home at midnight.  The next day Mrs. S. overheard her ten-year-old daughter, M.S., tell the other children that, "Yes, he did.  Jessie put his hands in my pants."  Mr. and Mrs. S. then listened to the rest of the children's conversation and called the child abuse hotline. The police were also contacted and appellant was arrested.  Later found in the family's garbage can were a bottle cap, a jar of Vaseline and a Kroger receipt dated March 30 for a candy bar, Coke, Nytol sleeping pills, Vaseline and potato chips.  A check written to Kroger by appellant was later retrieved, also dated March 30.

The child, M.S., was soon taken to the Okolona Seven Counties Services where she was seen by one of its therapists.  No psychological examinations were made; however, her visit with the therapist resulted in an eight-page document not provided to appellant's counsel until the morning of trial.  The appellant's counsel moved for a one-day continuance before the trial commenced in order to be able to competently evaluate the import of the document to his client's case and to contact the therapist personally.  The basis for the motion was that the report contained exculpatory material that would bear upon M.S.'s credibility. Specifically, appellant argued that because the report stated that M.S. had suffered an epileptic seizure approximately four months earlier, her memory could possibly have been affected.  Additionally, he argued that M.S. had denied in the report that the sexual abuse had affected her, leading to a possible inference that the sexual abuse had never occurred.

* Ms. Young, the Assistant Attorney General who argued before this Court for the Commonwealth, did not represent the appellee in the trial court, nor was she responsible for the research, drafting or filing of the Commonwealth's brief in this case.

1. The second count of the indictment was dropped for lack of evidence.

2. Initials will be used in this opinion to refer to the child alleged to have been sexually abused, and to members of her family, to protect the child from further harm.

The trial court denied the motion, but stipulated that the appellant was free to subpoena her if he desired, as the court was sure that the trial would last more than one day. The trial court ruled that the therapist's testimony concerning the impact of the incident on M.S. would be inadmissible in any event because the relevant issue was whether or not the act occurred. The trial court additionally offered to call an expert to testify about the effects of epileptic seizures, but the appellant insisted on the continuance and refused the court's alternatives. The court specifically ruled that there was nothing exculpatory about the report and noted that the appellant could have obtained the report for his inspection at any time.

The sole issue in this appeal is whether the trial court erred to appellant's prejudice in refusing to grant his motion for a brief continuance of the trial.

■ It is provided in RCr 9.04 that a court may grant a postponement of trial upon a showing of sufficient cause. The decision whether or not to grant a continuance lies within the sound discretion of the trial court and, unless from a review of the record as a whole it appears that the trial judge has abused his discretion, we will not disturb his ruling. *Williams v. Commonwealth*, Ky., 644 S.W.2d 335 (1982); *Davidson v. Commonwealth*, Ky., 555 S.W.2d 269 (1977).

■ In the instant case we believe the court abused its discretion in failing to grant appellant's reasonable plea for a continuance and hold that the appellant is entitled to a new trial. The circumstances which cause us to believe such an abuse occurred relate to the pattern of behavior of the Commonwealth's attorney calculated to mislead the appellant and deprive him of access to material containing potentially exculpatory material. The clerk's record in this case reveals the following events concerning the appellant's attempts to obtain discovery. On June 3, 1985, the court entered a standard pretrial order directing the Commonwealth to furnish the appellant with a bill of particulars and to respond to any request for discovery "in writing ac-

knowledging or denying existence of such items. . . ." On June 3, 1985, appellant's counsel moved for the production of all exculpatory evidence including Item 3, "any information affecting the credibility of the prosecuting witness." The court sustained the motion and ordered "any exculpatory evidence . . . be immediately made available to defense counsel." The Commonwealth responded on June 24 that it had no exculpatory evidence to produce except that it objected to providing any information affecting the prosecuting witness's credibility. On September 5, the appellant moved for a more adequate and specific response to the court's ordered discovery. On September 20, the trial court again ordered the Commonwealth to properly respond to its pretrial order and the appellant's requested information in his motion for production of exculpatory evidence within 14 days "at pains of dismissal" of the case pursuant to RCr 7.24(a). After two months passed during which time the Commonwealth ignored the court's September 20 order, the appellant moved to dismiss. A special judge sitting in the trial court denied the motion, finding the Commonwealth to have been "negligent" but that the delay had not prejudiced the appellant. In its order the court required the Commonwealth to furnish the requested information to appellant and also to file it in the record by February 26, 1986, "on pain of . . . Asst. Comm. Atty. being held in contempt of Court.". Finally, on February 19, 1986, the Commonwealth responded to appellant's motion. The following is that portion of the response pertaining to the records of the mental health agency:

Following the disclosure of the sexual abuse, the child was taken by her parents to Seven County Services for therapy. [M.S.] went to only one (1) session and was not seen any further by the therapist. No mental examinations or tests were done upon the victim. *Please be advised that the Commonwealth has subpoenaed any records held by Seven County Services with regard to that session. Those records will be deposited*

*in the Court's file and will then be available to counsel for the defendant.* (Emphasis added.)

On the day of trial, three months after this response was filed, the records were still not in the file and the assistant Commonwealth's attorney acknowledged that she had in fact never subpoenaed or otherwise secured the records. The Commonwealth was given some time that morning to send someone to the agency to obtain the records.

The trial court's criticism of the public defender in failing to obtain these records himself was, we believe, misplaced in light of the court's own previous rulings and the Commonwealth's obvious misrepresentations of record. While it is true the appellant could have subpoenaed the records himself, he would have had no reason to take that action had the Commonwealth obeyed the court's mandates. Twice, after the original pretrial discovery order, the trial court ordered the Commonwealth to provide the information, once on threat of dismissal and once on threat of contempt. Yet when the Commonwealth admitted that its response contained a falsehood[3] and that it had not complied with the court's discovery orders, the court not only did not carry out its threats but directed its criticism to appellant's attorney, a public defender, and refused him a one-day continuance. We believe appellant's counsel could reasonably expect the court to enforce its orders and should not be faulted for not attempting to secure the records himself.

■ The Commonwealth's reliance on *Wilson v. Commonwealth*, Ky., 601 S.W. 2d 280 (1980), is misplaced. The court found no showing of prejudice by the court's denial of a motion for continuance because the information not furnished was "already known" to the defendant's attorney and "no further enlightenment was necessary." *Id.*, p. 285. While the appellant's counsel in the instant case was

aware of the report, he had no knowledge of its contents and, as previously discussed, relied on the Commonwealth's assurances that it would put the report in the file for his review. We believe the facts of this case more closely resemble those in *Rolli v. Commonwealth*, Ky.App., 678 S.W.2d 800 (1984), which discusses the obligation of the Commonwealth's attorney in relation to discovery orders. That case also dispels the appellee's contention that the error, if any, was harmless. The report contained information bearing on the credibility of the victim of the alleged crime and as such could have "created a reasonable doubt as to guilt which would not otherwise have existed...." *Williams v. Commonwealth*, Ky., 569 S.W.2d 139, 144 (1978).

The judgment of the Jefferson Circuit Court is reversed and remanded for a new trial.

CLAYTON, J., concurs.

DYCHE, J., concurs in result.

---

**3.** The Commonwealth continues to be less than honest with the Court in this regard. In its brief the appellee states that its response to appellant's discovery motion merely stated that the records *"would be"* subpoenaed when the record clearly shows that the Commonwealth informed the court and the appellant that the records *had been* subpoenaed. The Commonwealth's misrepresentation of the record is an unclever attempt to minimize its wrongdoing and is not appreciated by the members of this panel.