# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: SEPTEMBER 18, 2014
NOT TO BE PUBLISHED

**Supreme Court of Kentucky**

2013-SC-000734-MR

FINAL

DATE 2-19-15 *illegible handwriting*

TERRILL GOODS                    APPELLANT

               ON APPEAL FROM CAMPBELL CIRCUIT COURT

V.           HONORABLE JULIE REINHARDT WARD, JUDGE

                   NO. 12-CR-00235

COMMONWEALTH OF KENTUCKY             APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant, Terrill Goods, Sr., appeals from a judgment of the Campbell Circuit Court convicting him on two counts of trafficking in controlled substances and being a persistent felony offender in the first degree. For these convictions, Appellant was sentenced to twenty years' imprisonment; he now appeals as a matter of right under Ky. Const. § 110(2)(b) alleging that: 1) his rights under the Sixth Amendment of the United States Constitution and Section 11 of the Kentucky Constitution were violated when the trial court refused to grant a continuance to allow him an opportunity to retain private counsel; and 2) the trial court erred by the selection and removal of an alternate juror contrary to RCr 9.32. For the reasons that follow, we affirm the judgment.

## I. BACKGROUND

Police officers in Newport caught Appellant in the act of selling crack cocaine and heroin. Otherwise, the facts surrounding Appellant's crimes are not germane to the issues presented in this appeal.

Appellant was indicted by a Campbell County grand jury on April 12, 2012. He was represented at his arraignment by private counsel. However, a month later, Appellant appeared before the trial court with his attorney and asked the court to appoint a public defender. Appellant's request was granted and appointed counsel entered his appearance on July 2, 2012. The case was set for trial on November 1, 2012.

Shortly before his trial date, Appellant requested and was granted a continuance. A few days later, he moved for the trial judge to recuse upon grounds that the judge had, on a prior occasion in a different case, held Appellant in contempt, and Appellant had filed a complaint against the judge with the Judicial Conduct Commission. In January 2013, Appellant's recusal motion was granted. The case was reassigned to a different judge, who rescheduled the trial for April 8, 2013. The trial was later rescheduled for June 26, 2013.

On June 26, 2013, before the trial commenced, Appellant requested a one-day continuance, claiming that his communications with court-appointed counsel had broken down. He said he had spoken with a private attorney who would be ready for trial the next day. The trial court denied the motion, noting that over a year had passed since Appellant's indictment and that he had

2

ample opportunity to obtain private counsel during that time. The trial began as scheduled. Rather than seating a panel of twelve jurors, the trial court, as we have previously recommended,[1] opted to seat thirteen jurors so that an alternate would be available if the need arose. As the second day of the trial began, Appellant again sought postponement to enable private counsel to enter an appearance on his behalf, though on this occasion he identified an altogether different attorney than he had the previous day. At that point the trial judge contacted the attorney that Appellant now claimed would represent him. That attorney then appeared before the court and indicated that he would not be able to proceed with the trial that day. Consequently, the trial court declined to grant the continuance, and the trial proceeded. The jury convicted the Appellant as set forth above and his sentence was fixed at twenty years' imprisonment.

## II. ANALYSIS

### A. The Trial Court's Denial of Appellant's Motion for a Continuance Did Not Violate Appellant's Right to Counsel.

Appellant first contends that the trial court's refusals to defer the start of the trial resulted in a violation of his right to counsel under the Sixth Amendment of the United States Constitution and Section 11 of the Kentucky Constitution. Appellant claims that by denying his request for a continuance, the trial court forced him to remain saddled with an attorney in whom he had

---

[1] *Commonwealth v. Simmons*, 394 S.W.3d 903, 905 n.1 (Ky. 2013) ("Although our criminal rules do not require the seating of alternate jurors, we strongly urge trial courts to adopt such a practice.").

no confidence. We review a trial judge's ruling on a motion for continuance for abuse of discretion. *Williams v. Commonwealth*, 644 S.W.2d 335, 336-37 (Ky. 1982) ("The granting of a continuance is in the sound discretion of a trial judge, and unless from a review of the whole record it appears that the trial judge has abused that discretion, this court will not disturb the findings of the court.")

An element of the right to counsel under the Sixth Amendment, at least for an accused person not dependent upon appointed counsel, is the right of a defendant to choose who will represent him. *See Wheat v. United States*, 486 U.S. 153, 159 (1988). A court cannot arbitrarily or unreasonably deny a defendant the right to retain private counsel.

Nevertheless, the right to hire counsel of one's own choosing is not absolute. *Id.* at 159 ("[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."). Moreover, the trial court retains broad discretion to grant or deny a continuance in order for a defendant to obtain new counsel. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006). In exercising this discretion, a court may legitimately balance the right to counsel against the demands of its calendar and make decisions, which in order to promote the efficient administration of justice, may have the effect of excluding a party's preferred counsel. *Id.* at 152.

In *Morris v. Slappy*, 461 U.S. 1 (1983), a defendant on the second day of trial became disenchanted with his attorney and moved for a continuance so

4

that he could obtain a different lawyer. The Supreme Court upheld the trial court's decision to deny the continuance, noting:

> Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances."

*Id.* at 11. Significantly, the Supreme Court further noted that "[t]he Sixth Amendment does not guarantee a 'meaningful relationship' between accused and his counsel." *Id.* at 13-14.

When ruling on a motion for a continuance, "a trial court should consider the facts of each case, especially . . . 'length of delay; previous continuances; inconvenience to litigants, witnesses, counsel and the court; whether the delay is purposeful or is caused by the accused; . . . complexity of the case; and whether denying the continuance will lead to identifiable prejudice.'" *Edmonds v. Commonwealth*, 189 S.W.3d 558, 564 (Ky. 2006) (quoting *Snodgrass v. Commonwealth*, 814 S.W.2d 579, 581 (Ky. 1991). "The decision whether to grant a continuance necessarily rests on the particular facts and circumstances of each trial." *Fredline v. Commonwealth*, 241 S.W.3d 793, 796 (Ky. 2007).

The record discloses that Appellant was inaccurate when he first told the trial court that he could have private counsel available to represent him the next day. Given this inaccuracy, the trial court had good reason to be skeptical when Appellant made another request for a continuance on the second day of

5

the trial. Predictably, when the second attorney was called in for a discussion, he informed the trial court that he would not be able to proceed to trial that day.

The case had been continued several times. The latest requests for postponement which now form the basis of this appeal came on the first and second days of the trial, after the jury was present and the Commonwealth was ready to present its case. A continuance at either point could have greatly inconvenienced the jurors, the witnesses, the lawyers, court personnel, and disrupted the judge's trial schedule, all with no showing by Appellant that his right to a fair trial was in jeopardy or any other good cause. *See Abbott v. Commonwealth*, 822 S.W.2d 417,418 (Ky. 1992); RCr 9.04. As such, the trial court reasonably regarded Appellant's request for another continuance as a purposeful attempt to further delay the trial.

Given the procedural history of this case, and Appellant's relatively unpersuasive grounds for seeking to change horses mid-stream, we cannot conclude that the trial court abused its discretion in denying Appellant's motions for continuance.

## B. The Selection and Removal of the Alternate Juror Affords No Basis for Reversing the Conviction.

Appellant also contends that the trial court erred by deviating from the procedure established by RCr 9.32 for the selection and random removal of alternate jurors to reduce the number of deliberating jurors to twelve. RCr 9.32 provides in pertinent part:

If the membership of the jury exceeds the number required by law, the alternate juror or jurors may be designated by agreement of the parties and the Court; otherwise, immediately before the jury retires to consider its verdict, the clerk, in open court, shall by random selection reduce the jury to the number required by law.

In his reply brief, Appellant clarified that his argument includes, not only the allegedly erroneous departure from RCr 9.32, but also the fact that the trial court "basically lied" to the jury panel when it announced to the jury that one of the thirteen members of the venire would be *randomly* selected for exclusion as the alternate.

The issue arose because during a recess on the second, and final, day of the trial, one of the jurors overheard, at least in part, a heated exchange between the trial judge and Appellant as Appellant requested the judge's recusal. The juror was brought before the court at the request of Appellant's counsel and the trial judge asked him what he was able to discern from the conversation. The juror acknowledged that he heard the judge's raised voice, but that he could not determine what was being said, and could not discern to whom the judge was speaking. Appellant's counsel asked the juror directly if anything he heard would affect his impartiality or if he had discussed the matter with anyone else. The juror answered that his view of the case remained unaffected and that he had not mentioned the incident to anyone. Significantly, immediately after this colloquy, Appellant made no motion to excuse the juror from the panel.

When, just before the jury was to begin deliberations, it became necessary to select and excuse an alternate juror to reduce the panel to twelve,

7

the trial court indicated to counsel that she was inclined to excuse the juror who had overheard the earlier discussion if either party so moved. Appellant, apparently concerned that the incident could have some prejudicial effect, asked the judge to strike the juror. Appellant's counsel said at the bench conference, "[The juror in question] may have heard even more than he thinks he did." The Commonwealth acquiesced in Appellant's suggestion, and the trial court granted Appellant's request to excuse that juror. However, upon discussing the procedure in open court, the trial court indicated to the jury panel that the alternate juror was being "randomly" selected.

Appellant admits that he assented to the removal of the affected juror, and thus he acknowledges that his claimed violation of RCr 9.32 is not preserved. He asks that we review the issue for palpable error. We do not, however, regard the removal of the juror as erroneous.

Moreover, even if we were to conclude that there was error, palpable error review would be inappropriate because Appellant's request to strike the juror would constitute invited error — for which palpable error review is unavailable. *Quisenberry v. Commonwealth*, 336 S.W.3d 19, 36 (Ky. 2011). ("Generally, a party is estopped from asserting an invited error on appeal.")

Our reluctance to review invited error is even stronger where there is no clear indication that the alleged error was prejudicial. *Gray v. Commonwealth*, 203 S.W.3d 679, 686 (Ky. 2006). We see nothing in the record to indicate that the deliberate, rather than random, removal of the affected juror prejudiced Appellant in any way. We see no need to address the matter further.

8

Appellant also argues that it was palpable error for the trial court to allow the juror to remain a part of the jury panel after the incident occurred. In order for an alleged defect in a trial to rise to the level of palpable error, aside from being obvious, the error must be one that results in manifest injustice. *Ernst v. Commonwealth*, 160 S.W.3d 744, 759 (Ky. 2005). In order to rise to the level of manifest injustice, an error must be such that there is a substantial possibility that the case would have turned out differently, but for the error. *Partin v. Commonwealth*, 918 S.W.2d 219, 224 (Ky. 1996). Nothing in the record indicates that the juror's presence during the remainder of the trial had any effect whatsoever on the fairness of the proceedings. The trial court interviewed the juror at the appropriate time and in the appropriate manner. Appellant asked for nothing more, and it was certainly not incumbent upon the trial judge to suggest, *sua sponte*, any other measures. We are unable to conclude that any error occurred; but in any event, the removal of the alternate juror did not result in manifest injustice.

Finally, we reject Appellant's claim that his conviction must be reversed because the trial court misinformed the jury about the manner in which the alternate juror was selected and excused. The method employed by the court for the selection of the alternate juror was of no concern to the remaining members of the jury panel, and it is clear beyond any doubt that the removal of the juror by deliberate choice rather than random selection had no effect at all upon the verdict.

9

In summary, we conclude that the circumstances surrounding the removal of the alternate juror afford Appellant no basis for relief from his conviction.

## III.  CONCLUSION

For the reasons explained above, we affirm the judgment of the Campbell Circuit Court.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

Linda Roberts Horsman
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

Perry Thomas Ryan
Assistant Attorney General